UNITED STATES of America, Appellee,

v.

Joseph CORSENTINO,
Defendant-Appellant.

No. 1179, Docket 82–1013.

United States Court of Appeals,
Second Circuit.

Submitted June 18, 1982.

Decided Aug. 2, 1982.

Joseph Corsentino, submitted a brief for appellant, pro se.

John S. Martin, Jr., U. S. Atty., and Robert N. Shwartz, Asst. U. S. Atty., New York City, submitted a brief for appellee.

Before NEWMAN and PIERCE, Circuit Judges, and CANNELLA,* District Judge.

NEWMAN, Circuit Judge:

It is not uncommon for federal prosecutors in this Circuit and elsewhere to include in their plea agreements with defense counsel a commitment to "take no position" at sentencing. This appeal from a denial of collateral attack upon a federal sentence indicates that prosecutors would be well advised to be more specific as to the meaning of this commonly used phrase.

Pursuant to a plea agreement, Joseph Corsentino entered pleas of guilty on November 12, 1980 in the District Court for the Southern District of New York to four counts charging false passport, bail-jumping, and conspiracy offenses in violation of 18 U.S.C. §§ 371, 1542, 3150 (1976). Defense counsel, with the tacit acquiescence of the United States Attorney, informed the Court, "There is a plea agreement with the government in which the government agrees to take no position at sentence." The record contains no statement made by the prosecutor to the defendant or in his presence that explains the precise

meaning of the Government's commitment. However, the matter was somewhat amplified during the course of the colloquy required by Fed.R.Crim.P. 11 between the District Judge and the defendant prior to acceptance of the guilty pleas. Judge Knapp asked, "Has anybody made any promises to you at all except what was said here, that the government would not make any recommendations, it could file a brief setting forth their view of the facts?" The defendant answered, "No, no promises have been made." Prior to the date set for sentencing, the prosecutor furnished the Court and defense counsel with a sentencing memorandum, detailing appellant's role in the crimes, the significance of his crimes, and his prior record. At the sentencing hearing on January 23, 1981, the prosecutor elaborated on the points made in the sentencing memorandum. The unmistakable import of the prosecutor's remarks was to urge the District Judge to impose a substantial sentence. After hearing from defense counsel and affording appellant his right of allocution, Judge Knapp imposed an aggregate sentence of eight years. Immediately thereafter defense counsel requested Judge Knapp to impose the sentence pursuant to 18 U.S.C. § 4205(b), so that the appellant would be eligible for parole either at any time or at a designated time earlier than one-third of the sentence. Judge Knapp solicited the Government's view of this proposal, and the prosecutor expressed her opposition. Judge Knapp rejected defense counsel's request with the result that the eight-year sentence was governed by § 4205(a), providing for parole eligibility at the one-third point.

Thereafter, defense counsel filed a timely motion pursuant to Fed.R.Crim.P. 35 seeking a reduction of sentence. This motion raised no issue as to whether the Government had breached its commitment to take "no position" at sentencing. The motion was denied. Then on September 15, 1981, appellant filed a *pro se* motion, which gives

* The Honorable John M. Cannella of the United States District Court for the Southern District of New York, sitting by designation.

rise to this appeal. Though styled as a motion under Rule 35, the motion sought to have the sentence vacated and for that reason was treated by Judge Knapp as a motion pursuant to 28 U.S.C. § 2255 (1976). The motion alleged that the Government had violated its plea agreement by opposing sentence pursuant to § 4205(b) and by furnishing a sentencing memorandum to the Court; in addition, the motion challenged the accuracy of the presentence report. On December 4, 1981, Judge Knapp denied the motion. With respect to the alleged breach of the plea-bargaining agreement, Judge Knapp focused only on the prosecutor's expressed opposition to the imposition of sentence pursuant to § 4205(b). Acknowledging that this was a "technical violation" of the plea agreement, Judge Knapp ruled that the violation had been waived by the defendant's failure to object at the sentencing hearing and by the failure to complain when seeking reduction of the sentence pursuant to Rule 35. Judge Knapp also ruled that nothing in the presentence report warranted disturbing the sentence, and therefore denied the motion to vacate the sentence. From that decision, Corsentino appeals *pro se*.

We consider first the Government's contention that any non-compliance with the plea agreement has been waived. The Supreme Court has recently conveyed a clear message emphasizing the importance of finality of criminal judgments of conviction. *United States v. Frady*, —— U.S. ——, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). *Frady* involved a federal prisoner's motion under § 2255 to vacate a conviction on the ground of an erroneous jury instruction to which no objection had been made at trial. The Court declined to apply the "plain error" standard of Fed.R.Crim.P. 52(b) in determining whether to reach the merits of the petitioner's claim, ruling instead that the merits could be reached only if the petitioner's procedural default in failing to object at trial could be excused under the "cause and prejudice" test of *Wainright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), *i.e.*, cause for failure to object and resulting prejudice from the erroneous instruction.

We find nothing in the *Frady* decision altering the traditional scope of § 2255 relief to challenge a sentence alleged to have been imposed unlawfully after a plea of guilty. *See Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962) (sentence allegedly imposed in violation of plea bargain); *Dugan v. United States*, 521 F.2d 231 (5th Cir. 1975) (same). *Frady*, *Sykes*, and *Sykes'* predecessors, *Davis v. United States*, 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973), and *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), concerned the limited scope of collateral attack to raise errors that were required to have been asserted at or before trial by federal or state contemporaneous objection rules. *Frady* involved an alleged defect in a jury charge that should have been asserted at trial as required by Fed.R.Crim.P. 30. In *Davis*, an alleged error in the indictment process was required to have been asserted before trial by Fed.R. Crim.P. 12(b)(2). *Sykes* and *Francis* involved evidentiary and other challenges required by state procedural rules to be raised at or before trial. Moreover, *Frady* emphasized that the petitioner had already had an opportunity to present his claims "in federal trial and *appellate* forums." —— U.S. at ——, 102 S.Ct. at 1593 (emphasis added). By contrast, no rule of federal procedure obliges a defendant to make a contemporaneous objection when a prosecutor violates the terms of a plea agreement. We do not doubt that in some circumstances the impending violation of a plea agreement may be so clearly anticipated that a defendant's failure to object to what is about to happen can fairly be taken to be a waiver of compliance with the agreement. But that is not this case. The defendant had no opportunity to object to the prosecutor's submission of a sentencing memorandum. Arguably an objection could have been interposed as the prosecutor began arguing the circumstances that would warrant a substantial sentence or when the prosecutor expressed opposition to sentencing under § 4205(b). But there was no basis to antici-

pate either of these occurrences, and it is unlikely that any objection could have remedied the situation. The circumstances are totally unlike those presented by *Frady*, where a prompt objection to the jury charge was required by Rule 30 and, if made, would have afforded the trial judge an opportunity to give the jury a correct supplemental instruction. Moreover, even if Corsentino, having pleaded guilty without any reservation of a right to appeal, could have challenged violation of the plea agreement on direct review of his sentence,[1] this is not the traditional appellate review after trial contemplated by *Frady*. Finally, Corsentino's Rule 35 motion, properly seeking an exercise of the District Court's discretion to reduce his sentence, is not a waiver of defects that are normally presented upon a collateral attack. We therefore proceed to consider the merits of Corsentino's claims.

A plea bargain agreement is enforceable, and a prosecutor's failure to comply with its terms can in some circumstances render a defendant's plea involuntary and thereby undermine the constitutional validity of a conviction based upon the plea. *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *Palermo v. Warden*, 545 F.2d 286 (2d Cir. 1976), *cert. dismissed*, 431 U.S. 911, 97 S.Ct. 2166, 53 L.Ed.2d 221 (1977). In this case, the initial issue on the merits is to determine the nature of the prosecutor's promise. Unfortunately, there is a substantial ambiguity in the prosecutor's promise "to take no position" at sentencing. The Government contends that it undertook to refrain only from recommending "a specific sentence." Gov't Br. at 5. However, a plausible interpretation is that once the issue of guilt had been resolved by entry of a plea, the Government would make no comment to the sentencing judge, either orally at sentencing or in writing

prior to sentencing, that bears in any way upon the type or severity of the sentence to be imposed. *See United States v. Crusco*, 536 F.2d 21 (3d Cir. 1976); *see also United States v. Avery*, 589 F.2d 906 (5th Cir. 1979) (*per curiam*), *cert. denied*, 450 U.S. 933, 101 S.Ct. 1396, 67 L.Ed.2d 367 (1981). Surely a prosecutor can avoid this ambiguity by stating, if it is the Government's intention, that the agreement includes only a commitment not to recommend a specific sentence with the prosecutor retaining the right to present facts and arguments bearing upon sentencing, or by using other words to that effect. *See United States v. Miller*, 565 F.2d 1273 (3d Cir. 1977) (*per curiam*), *cert. denied*, 436 U.S. 959, 98 S.Ct. 3076, 57 L.Ed.2d 1125 (1978); *but see id.* at 1275 (Stern, J., dissenting). *See also United States v. Ligori*, 658 F.2d 130, 134 n.3 (3d Cir. 1981) (Higginbotham, J., concurring) (reporting policy of United States Attorney to clarify whether plea agreement includes not opposing a Rule 35 motion).

In this case, Judge Knapp's specific reference to the prospect of a sentencing memorandum to be submitted by the prosecutor demonstrates that the defendant "reasonably understood," *United States v. Arnett*, 628 F.2d 1162, 1164 (9th Cir. 1979), that the prosecutor's promise did not preclude the filing of such a document. We cannot be so certain, however, that the defendant could be expected to understand that the prosecutor, having promised to take no position at sentencing, would nonetheless argue at the sentencing hearing in support of a severe, though unspecified, sentence. *Cf. United States v. Cook*, 668 F.2d 317, 321 (7th Cir. 1982) ("The Government may not rely on favorable judicial construction to cure significant ambiguities in its plea agreements."). In any event, even if the prosecutor's promise could be confined to silence with respect to a specific sentence, that commitment was breached when the prosecutor opposed imposition of sentence under

---

1. *Cf. McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) (direct review to challenge guilty plea accepted in violation of Fed.R.Crim.P. 11); *United States v. Burnett*, 671 F.2d 709 (2d Cir. 1982) (direct review to challenge denial of motion to withdraw guilty plea); Fed.R.Crim.P. 32(a)(2) (providing that the District Court need not advise defendant of any right to appeal after sentence is imposed upon a guilty plea).

the provisions of § 4205(b). The promise to take no position cannot fairly be construed to mean only to refrain from recommending a maximum term of years, while retaining the right to urge that the minimum time to be served be maintained at one-third of the sentence. The Government suggests that it was obliged to respond to the Court's request for its views concerning use of § 4205(b), citing Rule 6(a)(I)(B) of the Southern District's Local Rules of Procedure for Criminal Proceedings: "The prosecutor shall make specific sentence recommendations to the Judge when requested." There is no reason to think that Judge Knapp would have compelled a response if the prosecutor had called to his attention her plea bargain commitment. *See United States v. Bronstein*, 623 F.2d 1327, 1330 n.9 (9th Cir.), *cert. denied*, 449 U.S. 842, 101 S.Ct. 122, 66 L.Ed.2d 50 (1980). In any event, if the prosecutor were unable to fulfill her promise, a breach of that promise would entitle the petitioner to relief. *United States v. Cook, supra*, 668 F.2d at 320; *Palermo v. Warden, supra*, 545 F.2d at 296.

■ Thus, even if the prosecutor's promise is given a narrow construction, it was violated at least by the expressed opposition to sentencing pursuant to § 4205(b). Under the circumstances, Corsentino is entitled to the relief he seeks, which is resentencing in order to have the plea agreement carried out.[2] Though the need for resentencing was caused entirely by the prosecutor and is not attributable to the sentencing judge, we conclude that once the Government's commitment to take no position at sentencing has been violated, compliance with the agreement is best insured by requiring resentencing before another district judge.

■ The challenge to the accuracy of the presentence report is without merit. Appellant asserts that the report included in his prior record a conviction for possession of weapons and drugs, when in fact he had been convicted only on a weapons charge. The discrepancy, which could have been corrected by counsel at sentencing, was not

significant, since appellant admitted, when the presentence report for the prior offense had been prepared, that he had drugs in his possession at the time of his arrest on the weapons charge.

The order denying the motion to vacate the sentence is reversed, the sentence is vacated, and the cause remanded for resentencing before another district judge.

---

2. We need not consider whether the violation of the plea agreement would have required

withdrawal of the plea, had such relief been sought.