**Michael PARADISO,
Petitioner-Appellant,**

v.

**UNITED STATES of America,
Respondent-Appellee.**

No. 1472, Docket 82-2134.

United States Court of Appeals,
Second Circuit.

Argued Aug. 10, 1982.

Decided Sept. 21, 1982.

Certiorari Denied Jan. 10, 1983.
See 103 S.Ct. 752.

Judd Burstein, New York City (Gerald L. Shargel, New York City, of counsel), for petitioner-appellant.

Victor D. Stone, Washington, D.C. (Edward R. Korman, U.S. Atty. for the Eastern District of New York, Brooklyn, N.Y., Sidney M. Glazer, Washington, D.C., of counsel), for respondent-appellee.

Before VAN GRAAFEILAND and PIERCE, Circuit Judges, and MARKEY,* Chief Judge of the United States Court of Customs and Patent Appeals.

PER CURIAM.

This is an appeal from an order of the United States District Court for the Eastern District of New York, entered after a hearing before Chief Judge Jack B. Weinstein, denying appellant's motion, filed pursuant to 28 U.S.C. § 2255, for leave to withdraw his January 19, 1981 pleas of guilty to two indictments, and for vacatur of the sentence entered thereon.

On October 31, 1980, appellant Michael Paradiso was indicted in the Eastern District of New York on a two-count indictment for his role in the alleged gunpoint robbery and hijacking of two tractor-trailer trucks containing 500 bags of Colombian coffee. If convicted on the first count (obstructing and delaying commerce, in violation of 18 U.S.C. § 1951), appellant could

* Sitting by designation.

have been sentenced to a twenty-year term of imprisonment and a $10,000 fine; on the second count (unlawful theft of goods worth more than $100 moving in interstate and foreign commerce, in violation of 18 U.S.C. §§ 2 and 659), the maximum punishment upon conviction was a ten year term of imprisonment and $5,000 fine.

On November 25, 1980, appellant was indicted on a one-count indictment for the unlawful transportation, receipt, possession, sale and distribution of contraband cigarettes, in violation of 18 U.S.C. § 2342. This crime was punishable by a five year term of imprisonment and a $10,000 fine.

Appellant pleaded not guilty to both indictments. However, after jury selection for the trial on the first indictment had begun on January 19, 1981, appellant decided to plead guilty pursuant to a plea agreement which disposed of both indictments. The agreement provided that appellant would plead guilty to Count 2 of the first indictment (on which he would be exposed to a maximum of ten years imprisonment), and to the second indictment (on which he would be exposed to a maximum of five years imprisonment). The Government would then dismiss Count 1 of the first indictment, on which appellant would have been exposed, upon conviction, to a maximum of twenty years imprisonment. If the sentencing judge accepted the agreement, the sentence imposed on the second indictment was to run concurrent with, not consecutive to, any jail sentence on Count 2 of the first indictment. In addition, the Government was to present no testimony in aggravation of sentence, unless it was necessary to rebut a challenge to the pre-sentence report.

The plea agreement was accepted by Judge Weinstein, who stated to appellant: "I am not sure whether I will sentence you or Judge Sifton will sentence you. In any event, if one of us decides that the sentence must be consecutive, you will be permitted to withdraw your plea."

On May 4, 1981, Judge Weinstein sentenced appellant to eight years of imprisonment on Count 2 of the first indictment. On the second indictment, he suspended imposition of sentence and placed appellant on probation for five years to begin upon termination of the eight year prison term imposed on the first indictment. After pronouncing this sentence the judge asked whether the sentence was clear to everyone. Appellant and his counsel neither asked for clarification nor raised objections. Appellant filed no direct appeal from the sentence imposed.

However, in a letter dated August 31, 1981, appellant asked Judge Weinstein to reduce his sentence pursuant to Rule 35, Fed. R. Cr. P. Appellant's letter stated: "At the time of my pleading (January 19, 1981), you promised me that my sentences would not exceed ten (10) years. Obviously, eight (8) years imprisonment and a consecutive five (5) years probation is three (3) years more than promised. Please consider reducing my eight (8) year sentence to five (5) years." In response to this request, Judge Weinstein reduced the five year probation term to two years, making the total sentence ten years. In explaining his decision the judge stated that "the expectations of the petitioner should be taken into account." No appeal was taken from this disposition of the Rule 35 motion, but on December 12, 1981, appellant filed a motion pursuant to 28 U.S.C. § 2255, seeking to withdraw his guilty pleas and to vacate the sentences imposed thereon, on the basis that the plea bargain, which provided for concurrent, rather than consecutive sentences, had been violated.

■ Ordinarily there is no requirement that a defendant object to the violation of a plea agreement at the time of sentencing, and defendant's claim that his plea agreement was violated is not waived by his failure to raise the issue at sentencing or in a subsequent Rule 35 motion. *United States v. Corsentino*, 685 F.2d 48 (2d Cir. 1982). Accordingly, we reach the merits of appellant's claim.

■ "A plea bargain agreement is enforceable, and . . . failure to comply with its terms can render a defendant's plea involuntary and thereby undermine the constitutional validity of a conviction based upon the plea." *Id.*, at 51. Thus, the ac-

ceptance of a guilty plea "must be attended by safeguards to insure the defendant what is *reasonably due* in the circumstances." *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971) (emphasis added). In determining what is "reasonably due" a defendant "[t]he dispositive question . . . is what the parties to this plea agreement reasonably understood to be the terms of the agreement." *United States v. Arnett,* 628 F.2d 1162, 1164 (9th Cir. 1979). *See also United States v. Crusco,* 536 F.2d 21, 24, 27 (3d Cir. 1976); *Mosher v. LaVallee,* 491 F.2d 1346, 1348 (2d Cir.), *cert. denied,* 416 U.S. 906, 94 S.Ct. 1611, 40 L.Ed.2d 111 (1974).

▆ We agree with the district court that its sentence, after its modification pursuant to appellant's Rule 35 motion, did comport with the reasonable understanding and expectations of the defendant as to the sentence for which he had bargained. It is clear that although the bargain was ambiguously stated in terms of concurrent sentencing, the real intent of the parties, and most significantly, of appellant, was to limit the total possible sentence of confinement to a maximum of ten years. That this was appellant's understanding is clearly demonstrated by his own statement in his *pro se* Rule 35 motion. Although the plea bargain agreement was presented to the district judge in terms of concurrent, as opposed to consecutive, sentencing, appellant wrote to Judge Weinstein that, "you promised me that my sentence would not exceed ten years." He then requested that his sentence of imprisonment be reduced to five years, to be followed by a *consecutive* sentence of five years of probation. Thus, it is clear that it was the ten year limit rather than the technical question of whether his sentences ran concurrently or consecutively, that was important to appellant and governed his understanding of the plea bargain at issue here.

In addition, appellant was told at the time he pleaded guilty that he would be allowed to withdraw his plea if it was determined that he must be given consecutive sentences. Yet, when sentence was pronounced, he failed to make any request or objection. While this silence does not con-

stitute a waiver, it is evidence that his reasonable expectations had been fulfilled.

Finally, it is clear that in this case appellant was not injured in any way by the technical divergence from the precise terms of the plea agreement. There is no question that a sentence of ten years of imprisonment on the first indictment with a concurrent sentence of five years of imprisonment on the second indictment would have been in strict compliance with the plea agreement. The sentence actually received by appellant was thus less severe than the maximum bargained for, and appellant is in no position to complain that his expectations were frustrated.

Because the alleged violation of the plea bargain agreement is at most a technical violation, which did not render appellant's plea involuntary by frustrating his reasonable expectations with regard to sentence, the order appealed from is affirmed.