UNITED STATES of America, Appellee,

v.

Stephen CARBONE, Appellant.

No. 1247, Docket 84–1101.

United States Court of Appeals,
Second Circuit.

Argued May 22, 1984.

Decided July 3, 1984.

Anne C. Feigus, New York City (Fischetti, Feigus & Pomerantz, New York City, Warren L. Feldman, New York City, of counsel), for appellant.

Douglas F. Behm, Senior Sp. Atty., U.S. Dept. of Justice, E.D.N.Y. Brooklyn, N.Y. (Raymond J. Dearie, U.S. Atty. for the E.D.N.Y., Edward A. McDonald, Attorney-in-Charge, U.S. Dept. of Justice, E.D.N.Y., Brooklyn, N.Y., of counsel), for appellee.

Before LUMBARD, MESKILL and KEARSE, Circuit Judges.

LUMBARD, Circuit Judge:

Stephen Carbone appeals from an order of the Eastern District of New York, Wexler, J., denying a motion to vacate his sentence pursuant to Fed.R.Crim.P. 35(a) or, alternatively, pursuant to 28 U.S.C. § 2255. We reverse, and remand for resentencing before a different district judge.

On July 21, 1983, pursuant to a written plea agreement, Carbone pleaded guilty to two counts of evading income taxes, in violation of 26 U.S.C. § 7201. The government promised that it would "make no recommendation to the sentencing judge as to the sentence which Stephen Carbone may be given," but reserved the right to bring out the facts of the case at the sentencing hearing and to correct any factual misstatements by defense counsel. In addition, the government agreed that its statements to the Department of Probation and Parole, which prepares a presentence probation report, would be confined to the facts regarding the crimes charged in the indictment.

A sentencing hearing was held before Judge Wexler on October 4, 1983.[1] After Carbone's attorneys completed their plea for leniency, the government stated its ver-

---

1. Although the government did not submit a presentence memorandum, it did, in accordance with the plea agreement, provide the Depart-ment of Probation and Parole with its version of the facts of the case. Defense counsel did not contest anything in the probation report.

sion of the facts of the case, and corrected what it considered some factual misstatements made by defense counsel. The court then imposed a sentence of thirty months' imprisonment, plus a $10,000 fine and restitution of all taxes, interest and penalties due the Internal Revenue Service.

Immediately after the sentence was announced, defense counsel requested that it be imposed as a "split sentence" under 18 U.S.C. § 3651, whereby Carbone would serve at most six months in prison, and the rest of the sentence would be suspended and Carbone placed on probation. The prosecutor strenuously objected to this suggestion, arguing that the thirty-month sentence "sends a message that this type of conduct will not be tolerated," and that this deterrent effect would be lost if the sentence were imposed pursuant to § 3651. Defense counsel objected to these remarks as violating the plea agreement, and again asked for a split sentence. Judge Wexler denied the request, stating that he felt that he had already been too lenient.

In January, 1984, Carbone made a motion, pursuant to Fed.R.Crim.P. 35(a) or, alternatively, pursuant to 28 U.S.C. § 2255, to vacate his sentence and have the case reassigned to a different judge for resentencing. The motion was denied on February 7, 1984, without opinion.[2] As Carbone's motion sought to "vacate" rather than "correct" his original sentence, we treat his appeal as one from a denial of a § 2255 motion, *United States v. Corsentino*, 685 F.2d 48, 50 (2d Cir.1982). We reverse.

■ Although a defendant has no constitutional right to have an executory plea agreement specifically enforced, *Mabry v. Johnson*, —— U.S. ——, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984), once a plea actually is entered, and was induced by a prosecutor's promise to abstain from making a sentencing recommendation, that promise must be fulfilled. *See Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d

427 (1971). In determining whether a particular plea agreement has been breached, we look to "what the parties to this plea agreement reasonably understood to be the terms of the agreement." *Paradiso v. United States*, 689 F.2d 28, 31 (2d Cir.1982) (per curiam), *cert. denied*, 459 U.S. 1116, 103 S.Ct. 752, 74 L.Ed.2d 970 (1983), quoting *United States v. Arnett*, 628 F.2d 1162, 1164 (9th Cir.1979). The government contends that no breach occurred here because it merely opposed the reduction of an already imposed sentence. This argument rests on two premises: first, that a reasonable interpretation of its promise not to make any "recommendation" is that it would refrain from doing so only before any sentence was announced; and secondly, that Judge Wexler's initial announcement of a thirty-month prison sentence constituted final sentencing of Carbone. We disagree with both of these premises.

■ We think this case is governed by *United States v. Corsentino, supra.* There, the government promised to "take no position" at sentencing. After Judge Knapp imposed a sentence of eight years' imprisonment, defense counsel requested that the sentence be imposed pursuant to 18 U.S.C. § 4205(b), whereby Corsentino would be eligible for parole either at any time or at a designated time earlier than one-third of the sentence. After the prosecutor strenuously objected to the suggestion, Judge Knapp denied the request, imposing sentence instead pursuant to 18 U.S.C. § 4205(a), which provides for parole eligibility after one-third of sentence has been served.

On appeal from the denial of a motion to vacate the sentence, the government argued that its promise to take no position meant only that it would not recommend a *specific* sentence. We stated that a "plausible interpretation" of the plea agreement was that "the Government would make no comment to the sentencing judge, either orally at sentencing or in writing prior to

---

**2.** Carbone also filed a motion to reduce his sentence, pursuant to Fed.R.Crim.P. 35(b). This

motion was denied on February 14, 1984.

sentencing, that bears in any way upon the type or severity of the sentence to be imposed," 685 F.2d at 51, and that the government could have avoided the ambiguity by stating its interpretation of "take no position" clearly in the agreement. Thus, we held that the government breached its agreement when it opposed imposition of sentence pursuant to § 4205(b), and remanded the case for resentencing before another district judge.

The most straightforward interpretation of the government's promise to "make no recommendation to the sentencing judge as to the sentence which Stephen Carbone may be given" is that it would cover the entire sentencing hearing. If the government had wished to limit its promise solely to the portion of the sentencing hearing prior to the judge's initial statement of his inclination as to sentence, it should have stated so explicitly.

We do not agree with the government that Judge Wexler's announcement was the final step in the imposition of sentence. Since imposition of sentence under § 3651 would actually reduce the time Carbone would have to spend in prison (from a minimum of ten months to a maximum of six months), it argues that Carbone's request for a split sentence was a "knee jerk" Rule 35 motion to reduce sentence, which it was entitled to oppose. By contrast, it characterizes defense counsel's request in *Corsentino* for sentencing under § 4205(b) which if granted would only lessen the time until the defendant would be eligible for parole, as a request to clarify the conditions of a sentence, and thus argues that sentencing in that case was not complete until the judge ruled on that request.

We need not decide whether a promise to "make no recommendation" as to the sentence a defendant may be given allows the government to oppose a Rule 35 motion to reduce sentence at a subsequent hearing, see, e.g., *Brooks v. United States*, 708 F.2d 1280, 1281 (7th Cir.1983) (government's promise that it "would recomend neither for nor against an executed sentence" not

broken by opposing motion to reduce sentence); *United States v. Ligori*, 658 F.2d 130 (3rd Cir.1981) (same); *cf. Bergman v. Lefkowitz*, 569 F.2d 705 (2d Cir.1977) (prosecutor's promise to recommend that defendant be given no more prison time not broken when, after prison sentence imposed, state opposed subsequent motion to reduce sentence); *but see United States v. Ewing*, 480 F.2d 1141 (5th Cir.1973) (per curiam) (government's promise not to oppose probation broken when, after prison sentence imposed, it opposed subsequent motions to reduce sentence to probation), as we disagree with the government's argument that Carbone's request was the equivalent of such a motion. In both this case and *Corsentino*, the judge made an initial statement as to what the sentence would be, and defense counsel asked that the sentence be imposed pursuant to a statutory provision that would permit less actual incarceration time than a straight imposition of the sentence would have required. Both § 3651 and § 4205(b) apply "[u]pon entering a judgment of conviction," and thus, unlike Rule 35 determinations, may be part of the original sentencing. At sentencing proceedings discussion subsequent to an initial ruling may result in the court's modifying its initial pronouncement, all before its ruling becomes "final."

Contrary to the government's argument, *United States v. Marquez*, 506 F.2d 620, 622 (2d Cir.1974), does not stand for the proposition that the initial announcement of sentence in open court completes sentencing. Rather, *Marquez* holds that where the unambiguous oral sentence pronounced by the court conflicted with the written judgment and commitment, the oral pronouncement controls. Here, sentencing was not complete until Judge Wexler ruled on Carbone's request for a split sentence pursuant to § 3651. By opposing that request, the government violated the plea agreement.

That Judge Wexler was not influenced by the government's argument is immaterial. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427

**48**

(1971). Once Carbone entered his plea, he was entitled to have the government live up to its promise. Despite the fact that the prosecutor alone breached the plea agreement, "compliance with the agreement is best insured by requiring resentencing before another district judge." *Corsentino, supra,* 685 F.2d at 52. Of course, we imply no criticism of the district judge regarding the sentence imposed or the way he conducted the proceedings.

The order denying the motion to vacate the sentence is reversed and the case is remanded for resentencing before another district judge.