**UNITED STATES of America, Appellee,**

v.

**Allen JANUSZEWSKI, Appellant.**

**No. 289, Docket 85–1220.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 9, 1985.

Decided Nov. 20, 1985.

Richard A. Fuchs, Bridgeport, Conn., (Koskoff, Koskoff & Bieder, P.C.), for appellant.

Linda K. Lager, Asst. U.S. Atty., Bridgeport, Conn., (Alan H. Nevas, U.S. Atty., D. Conn., of counsel), for appellee.

Before FEINBERG, Chief Judge, VAN GRAAFEILAND and MESKILL, Circuit Judges.

FEINBERG, Chief Judge:

Allen Januszewski appeals from an order of the United States District Court for the District of Connecticut, Jose A. Cabranes, J., which denied Januszewski's motion for reduction or modification of the sentence imposed after his plea of guilty. On appeal, Januszewski claims that the Assistant United States Attorney violated the plea agreement. We find that this is not so, and affirm the order of the district court.

## I.

Allen Januszewski was indicted, in a multi-count indictment naming twenty individuals, on one count of conspiracy to distribute cocaine and one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846. He agreed to plead guilty to the conspiracy count. In return, the government agreed to dismiss the substantive count and to make a non-binding sentence recommendation for a sentence "not to exceed six years." The agreement was placed on the record of the plea hearing, at which time appellant indicated that he understood that the government's recommendation was not binding on the court. Several months later, at the sentencing hearing, defense counsel delivered a lengthy argument in support of lenient treatment of his client. He maintained that Januszewski's criminal involvement stemmed from his dependence on drugs and that he only made small sales to friends and that, in any event, his drug transactions had not provided him with much money. Counsel suggested that a sentence of three years would be appropriate.

The Assistant United States Attorney then made the statements that appellant claims violated the plea agreement. She strongly opposed the three-year sentence, stating that "nothing less than six years would be an appropriate disposition of this case." She went on to characterize appellant as "a professional drug dealer" and to describe his "central involvement" in the drug operation that was the subject of the indictment.

Judge Cabranes sentenced appellant to a term of ten years imprisonment and a $10,000 fine. Appellant took no appeal. Three months later, however, he petitioned the district court pursuant to Fed.R.Crim.P. 35, seeking reduction or modification of his sentence, primarily on the ground that his drug addiction was responsible for his criminal acts. Judge Cabranes denied the motion. This appeal followed.

## II.

As a preliminary matter, the government argues that we are foreclosed from considering a possible violation of the plea agreement on this appeal. In a footnote in its brief, the government contends that the issue was not adequately raised below, since appellant made the claim that the government had not lived up to its bargain only in a short supplemental memorandum supporting the Rule 35 motion, and even then principally in the context of an argument that the government was not sufficiently enthusiastic in support of its recommendation. The government also questions the use of a Rule 35 motion as the vehicle for raising this issue, citing *United States v. Corbett*, 742 F.2d 173, 178 n. 11 (5th Cir.1984) (per curiam).

It is true that in the district court Januszewski challenged the government's compliance with the plea agreement only briefly and cited a decision offering only indirect support for his present theory, *United States v. Benchimol*, 738 F.2d 1001 (9th Cir.1984), which was subsequently reversed, — U.S. ——, 105 S.Ct. 2103, 85 L.Ed.2d 462 (1985) (per curiam). Neverthe-

less, he did raise in the district court the point now made to us. Also, while a Rule 35 motion is not ordinarily the best way to press the issue of compliance with a plea agreement, the claim was joined in the district court with other arguments for which a Rule 35 motion was the proper vehicle. Moreover, there is some precedent for this method of raising plea-bargaining issues. See *United States v. Bronstein*, 623 F.2d 1327 (9th Cir.), cert. denied, 449 U.S. 842, 101 S.Ct. 122, 66 L.Ed.2d 50 (1980) (violation of plea agreement considered on Rule 35 motion to correct sentence); cf. *United States v. Corsentino*, 685 F.2d 48, 49–51 (2d Cir.1982) (considering merits of appeal from denial of Rule 35 motion, treated as section 2255 motion). Under the circumstances, therefore, although we share some of the government's procedural concerns, we believe that we should reach the merits of this appeal. *United States v. Corbett*, supra, relied on by the government, is distinguishable, since it involved an attempt to withdraw a plea, rather than to enforce a plea agreement. See Fed.R.Crim.P. 32(d) ("At any later time [after sentencing], a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.").

### III.

Appellant argues that the prosecutor breached the plea agreement by recommending six years as a minimum, rather than a maximum, sentence and arguing in support of a longer sentence. The agreement is silent as to any statements to be made by the government in support of its recommendation at the sentencing hearing. Nevertheless, appellant argues that the prosecutor's statements effectively negated the bargained-for recommendation of six years or less. Appellant relies on such cases as *United States v. Corsentino*, supra, 685 F.2d at 51–52 (promise to take no position on sentencing violated by opposition to sentence making defendant eligible for early parole) and *United States v. Grandinetti*, 564 F.2d 723 (5th Cir.1977) (by expressing doubt as to the propriety and legality of the agreement, prosecutor effectively argued against the agreement).

Appellant maintains that *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), requires enforcement of such agreements. He asks that his case be remanded for resentencing before a different district judge.

█ The record reflects that the prosecutor made the remarks objected to as part of her response to a lengthy statement by defense counsel in support of a three-year sentence. The government's attorney was evidently carried away by her belief that appellant deserved a sentence longer than three years and, consequently, said some things that might be interpreted as arguing for even more than a six-year sentence, particularly the comment that *"nothing less than* six years would be an appropriate disposition...." (emphasis added). By arguing, in effect, that the six-year cap should also be a six-year floor, the government violated the spirit of the plea agreement. Defense counsel's recommendation of a sentence under the cap was permitted by the agreement and, furthermore, was to be expected. Nevertheless, the agreement also allowed the prosecutor to oppose defense counsel's recommendation of a sentence of less than six years. In the absence of an explicit prohibition, the government could voice opposition to such a sentence or even press for a sentence of the full six years. This seems to have been the understanding of defense counsel, who told the judge that "[t]he government has stated they're going to recommend a sentence of six years." In addition, although the prosecutor should have been careful to refrain from language creating the impression that six years was the minimum sentence the government was recommending, she did not actually recommend more than a six-year term. Furthermore, in the district court, appellant raised the issue of this possible breach of the agreement only tangentially. While not dispositive of the issue now before us, this does suggest that the alleged breach was not as obvious as appellant now claims. Under all the circumstances, looking at " 'what the parties to this plea agreement reasonably under-

stood to be the terms of the agreement,'" *Paradiso v. United States*, 689 F.2d 28, 31 (2d Cir.1982) (per curiam) (citation omitted), cert. denied, 459 U.S. 1116, 103 S.Ct. 752, 74 L.Ed.2d 970 (1983), we find that the government did not breach the terms of the plea agreement.

 In addition, it should be noted that the district judge had all of the information relevant to sentencing, including the recommendation in the plea agreement, before him when he made his decision. As Judge Cabranes repeatedly advised appellant, the recommendation contained in the agreement was not binding on the court. The judge determined that ten years was an appropriate sentence, and the record reflects that the significant factors in his decision were the pre-sentence report and Januszewski's propensity for violence, which the government attorney did not mention at the sentencing hearing. After reviewing this determination on the Rule 35 motion, the judge reaffirmed his decision. He specifically noted the recommendation in his ruling but declined to follow it, which he was entitled to do. Entirely apart from the claim that the agreement was breached, which we have rejected, it is worth pointing out that on this record we cannot say that the judge abused his broad discretion by finding that appellant failed to show that the ten-year sentence was inappropriate. See *United States v. Slutsky*, 514 F.2d 1222, 1226 (2d Cir.1975).

Nevertheless, a few further words about the plea agreement are appropriate. The attorney for the government stated at oral argument that this agreement was prepared according to the usual form for such "cap" agreements. At a minimum, this suggests inadequate consideration of the extent of the government's obligations under the agreement. The resulting confusion could have been avoided in this case if the agreement had spelled out exactly what was expected in connection with the sentence recommendation. See *United States v. Corsentino*, supra, 685 F.2d at 51. The government would be well advised to take appropriate steps to ensure that, in the future, when it agrees to recommend a sentencing cap, the plea agreement sets forth its obligations in greater detail, including whether or not the government may make statements in opposition to a sentence under the cap and may argue for imposition of a sentence equal to the cap.

We affirm the order of the district court.