842 F.2d 1293
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven Mark GIBBONS, a/k/a "Turk", Defendant-Appellant.
 87-5628.
 United States Court of Appeals, Fourth Circuit.
 March 18, 1988.
 
 Marye Louise Wright for appellant.
 Mary Stanley Feinberg, Assistant United States Attorney (Michael W. Carey, United States Attorney on brief) for appellee.
 Before K.K. HALL, JAMES DICKSON PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Steven Gibbons appeals from a final order of judgment and conviction entered on his plea of guilty to one count of unlawful distribution of cocaine in violation of 21 U.S.C. Sec. 841(a)(1), and one count of travel in interstate commerce to promote a cocaine distribution enterprise in violation of 18 U.S.C. Secs. 1952(a)(3) and 2. Gibbons asserts that he should be permitted to withdraw his guilty plea or, in the alternative, that the case should be remanded to the district court for resentencing. The basis of this assertion is the government's admitted failure strictly to comply with all aspects of the plea agreement and the district court's alleged failure to follow the procedures set forth in Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure. We affirm.
 
 
 2
 Gibbons was named in nine counts of a nineteen count superseding indictment charging him with participation in a continuing criminal cocaine distribution enterprise and several related offenses. With the assistance of counsel, Gibbons negotiated a plea with the government by which he agreed to plead guilty to counts ten and sixteen of the superseding indictment and to testify before a grand jury if deemed necessary in return for the government's agreement to move the court to dismiss the remaining seven counts of the indictment and to refrain from using any statements made to the government by Gibbons pursuant to the plea agreement in any further prosecutions. The agreement explicitly stated, however, that Gibbons' future prosecution for perjury or for the giving of false statements to a federal agent was not likewise barred. The government further agreed not to make a recommendation of a specific sentence but retained its right to apprise the court and probation officer of any relevant facts and "to address the Court with respect to the nature and seriousness of the offense." Finally, paragraph seven of the plea agreement provided that
 
 
 3
 [a]t final disposition, the United States will advise the Court of the nature and extent of Mr. Gibbon's forthrightness and truthfulness or failure to be forthright and truthful, and ask the Court to give same such weight as the Court deems appropriate.
 
 
 4
 The district court entered an order accepting Gibbons' guilty plea on July 23, 1987 after a full hearing in compliance with Rule 11 of the Federal Rules of Criminal Procedure. The sentencing hearing followed on August 28, 1987, and on the same day the court entered the final order of judgment and conviction, sentencing Gibbons to nine years imprisonment with a special five year parole term on Count Ten to run concurrently with a five year sentence on Count Sixteen. A $100.00 assessment was also made against Gibbons and the remaining counts of the indictment against him were dismissed.
 
 
 5
 * We first consider Gibbons' assertion that he must be permitted either to withdraw his guilty plea or to have his case remanded for resentencing in view of the government's failure technically to comply with paragraph seven of the plea agreement. The Supreme Court has established that a judgment of conviction entered on a plea agreement will be set aside on direct appeal only "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration," Santobello v. New York, 404 U.S. 257, 262 (1971) (emphasis added), and that promise has been breached. Id.
 
 
 6
 The government concedes that at final disposition it did not specifically track the language of paragraph seven in advising the court of the nature and extent of Gibbons' cooperation or lack thereof. During the sentencing hearing, the government did, however, inform the court that it had interviewed Gibbons "at length" and then related several of the admissions Gibbons had made during his debriefing. The court was also advised of Gibbons' scheduled appearance before a federal grand jury in accordance with the terms of the plea agreement. Through this information provided by the government, the district court was essentially made aware of the defendant's cooperation. No possibility that he had not been cooperative was intimated. Nor, obviously, did the government seek to avoid the agreement, as was its right under the agreement had the defendant not cooperated.
 
 
 7
 Under the circumstances, the government's breach of the plea agreement, if any, was therefore only of a technical nature. At the conclusion of the sentencing hearing, after the aforementioned disclosure of the information Gibbons provided during his debriefing and of his pending appearance before a grand jury, the district judge asked Gibbons and his counsel if there were anything else they's like to "bring up" before sentencing. Counsel responded "no" but proceeded to address the court at length regarding mitigating factors relating to sentencing. The defendant also addressed the court briefly. The government then advised the court of the nature and seriousness of the offense and the hearing concluded. Neither the defendant nor his counsel ever raised any issue or objection regarding the government's compliance with paragraph seven of the plea agreement prior to sentencing and entry of the final order of judgment and conviction.
 
 
 8
 It is not necessary for us to decide whether mere technical noncompliance with the terms of a plea agreement is grounds for relief under Santobello where the government has essentially complied with the spirit of the plea agreement. We hold that the defendant's failure to object can, in this instance, "fairly be taken to be a waiver of compliance with the agreement," United States v. Corsentino, 685 F.2d 48, 50 (2d Cir.1982), in all its technical aspects. See United States v. Benson, No. 87-1317, slip op. (8th Cir.1988). This is not a case where defendant had no opportunity to object or where a contemporaneous objection could not have, in any event, cured any prejudice caused by noncompliance. See 685 F.2d at 50-51. Although "no rule of federal procedure obliges a defendant to make a contemporaneous objection when a prosecutor violates the terms of a plea agreement," id. at 50, the finality of judgments entered on pleas would be seriously undermined if relief from a judgment of conviction could be obtained after sentencing for mere technical violations of the plea's terms to which the defendant did not object at the time of violation.
 
 II
 
 9
 The defendant's remaining ground for relief from the judgment of conviction upon his plea is without merit. In his principal brief, Gibbons contends that the district court failed to comply with Fed.R.Crim.P. 32(c)(3)(D) which provides:
 
 
 10
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission (emphasis supplied).
 
 
 11
 At the sentencing hearing the defendant specifically took issue with the amount of cocaine the presentence report alleged that he had handled. Contrary to Gibbons' contention on appeal, this issue was resolved by the district judge during the sentencing hearing in a manner to which defendant's counsel agreed after lengthy discussion. Specifically the court found that the offense involved "approximately" 1.47 kilograms of cocaine and defendant's counsel stated that they "could live with" that finding.
 
 
 12
 Gibbons alleges that he raised issues in regard to the number of times he traveled interstate in connection with cocaine distribution activities, and with regard to the persons with whom he was involved in connection with these activities. The record does not support this characterization of the matters in the presentence report actually controverted at final disposition. Although counsel discussed the number of incidents of travel and the persons involved, the record clearly reveals that this was only in the context of resolving the actual issue of the amount of cocaine involved in Gibbons' offenses. The only "matter controverted" was the amount, and that issue was expressly resolved by the district court in compliance with Fed.R.Crim.P. 32(c)(3)(D).
 
 
 13
 The judgment of conviction is affirmed.
 
 
 14
 AFFIRMED.