104 F.3d 352
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Thomas M. TUCKER, Defendant-Appellant.
 No. 96-1205.
 United States Court of Appeals, Second Circuit.
 Oct. 31, 1996.
 
 Appearing for Appellee: Stanley J. Okula, Jr., Special Assistant United States Attorney, Eastern District of New York, Brooklyn, New York.
 Appearing for Appellant: Barry Gene Rhodes, Brooklyn, New York.
 Before VAN GRAAFEILAND, WINTER and ALTIMARI, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Thomas Tucker appeals from the sentence imposed by Judge Block after Tucker pleaded guilty to conspiring to rob commercial establishments, in violation of 18 U.S.C. § 1951. Judge Block sentenced Tucker to 135 months imprisonment, three years supervised release, and a $50 special assessment. Appellant argues that in taking "a very clear position seeking a severe sentence" and presenting the spouse of a victim to the court, the government violated the terms of Tucker's plea agreement.
 
 
 4
 Appellant argues that the prosecution breached its commitment to "take no position concerning where within the appropriate Sentencing Guideline range, as determined by the Court, the sentence should fall...." "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). However, we are not persuaded that the government violated Tucker's plea agreement.
 
 
 5
 The facts of this case are virtually the same as those in United States v. Weinberg, 852 F.2d 681 (2d Cir.1988). In Weinberg, the defendant argued that the government "not only informed the court of his activities but commented on their seriousness and suggested that he owed a large debt to society." Id. at 687-88. Therefore, Weinberg contended, the government had violated its plea agreement to "make no specific recommendations with respect to sentencing." Id. at 688. As in the case at bar, the government in Weinberg had reserved the right to detail "the nature and extent of Samuel Weinberg's criminal activities." Id.
 
 
 6
 We reasoned in Weinberg that the agreement not to make a specific recommendation "did not require the government to confine its presentation to a dry factual recitation without editorial comment." Id. In the instant case, as in Weinberg, "the very nature of the offenses and the vividness of the government's descriptions may have suggested that a substantial punishment would be appropriate." Id. In this case, the prosecutor summarized the damage done to the victims and their families by Tucker and his companions, including Clarence White, "who was shot and rendered brain dead", and Ms. Morelan, whom "the defendant forced to perform oral sex...." Although these descriptions were vivid, the prosecutor refrained from making an actual recommendation as to where within the guidelines the court should sentence the defendant.
 
 
 7
 The plea agreement provided that the government would advise the court of "all information relevant to sentencing, including all criminal activity engaged in by the defendant...." This provision invoked our suggestion in United States v. Corsentino, 685 F.2d 48, 51 (2d Cir.1982), that "a prosecutor can avoid
 
 
 8
 ... ambiguity by stating, if it is the Government's intention, that the agreement includes only a commitment not to recommend a specific sentence with the prosecutor retaining the right to present facts and arguments bearing upon sentencing, or by using other words to that effect."
 
 
 9
 Finally, appellant's claim that the prosecutor violated the plea agreement by informing the court that Delores White, the wife of Clarence White, was present and wished to speak, is without merit. Rule 32(c)(3)(E) of the Federal Rules of Criminal Procedure requires judges to address the victims of violent crimes directly and allow them to make a statement. Here, the wife of the incapacitated victim certainly should have been afforded an opportunity to speak, the effect of Turner's conduct on her being clearly relevant to the sentencing determination. The prosecutor merely informed Judge Block of Mrs. White's presence and desire to address the court, and in no way violated the plea agreement in doing so.
 
 
 10
 We therefore affirm.