104 F.3d 353
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Khalel EL-JASSEM, Plaintiff-Appellant,
v.
UNITED STATES of America, Appellee.
 No. 95-1345.
 United States Court of Appeals, Second Circuit.
 Nov. 25, 1996.
 
 1
 APPEARING FOR APPELLANT: Khaled El-Jassem, Lompoc, Cal.
 
 
 2
 APPEARING FOR APPELLEE: Zachary W. Carter, U.S. Atty., Brooklyn, N.Y.
 
 
 3
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was taken on submission.
 
 
 4
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is hereby AFFIRMED.
 
 
 5
 Khaled Mohammed El-Jassem appeals pro se from the May 22, 1995, ruling of the District Court denying his motion for reduction of a sentence imposed in 1993 for the 1973 attempted bombing of three buildings. The District Court fully explained the reasons for the sentence at the time of the original sentencing. See United States v. v. El-Jassem, 819 F.Supp. 166 (E.D.N.Y.1993). We affirmed on direct review. United States v. El-Jassem, No. 93-1304 (Dec. 29, 1994).
 
 
 6
 Appellant invoked the provisions of unamended Rule 35(b), which were applicable to offenses committed before 1987. He contended that he was a "more mature, different man than the one who planted car bombs in 1973," that the changing political climate in the Middle East made his punishment less necessary, and that he wished to participate in the process of restoring peace to the Middle East.
 
 
 7
 On appeal, El-Jassem renews these arguments and also c ontends that he should be immune from punishment because of his alleged diplomatic status with the Palestine Liberation Organization ("PLO") and because of immunity provided by the Foreign Sovereign Immunities Act of 1976 ("FSIA"), Pub.L. 94-583, 90 Stat. 2891-98.
 
 
 8
 The motion to reduce the sentence was properly denied. Disposition of such a motion is within the discretion of the District Court. See United States v. Januszewski, 777 F.2d 108 (2d Cir.1985); United States v. Slutsky, 514 F.2d 1222 (2d Cir.1975). The ruling was well within the Court's discretion. The immunity claims are procedurally defective because they were not raised on direct review and because they were not raised in the District Court on the motion to reduce. In any event, the claims are without merit. Appellant furnished no indication that he has been recognized by the United States as enjoying diplomatic status, see United States v. Kostadinov, 734 F.2d 905, 912 (2d Cir.1984) (diplomatic status recognized only through official list prepared by United States Government). The FSIA claim fails because the PLO is not a foreign state for purposes of the Act, see Klinghofer v. S.N.C. Achille Lauro, 937 F.2d 44, 48 (2d Cir.1991), and was not in 1973.