*United States v. Frazier*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

        *Appellee*,

      v.                              18-2183

MELVIN FRAZIER, AKA ROC,

        *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | CHARLES M. KRULY, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY |
| For Defendant-Appellant: | VIVIAN SHEVITZ, South Salem, NY |

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Melvin Frazier appeals from a judgment imposed on July 10, 2018, sentencing him to 188 months of imprisonment for conspiracy to possess with intent to distribute 100 grams or more of heroin. Prior to entering judgment, the district court denied Frazier's motion to withdraw his guilty plea, rejecting Frazier's arguments that the plea was the result of a mutual mistake as to his career offender status, that he received ineffective assistance of counsel, and that the government breached the plea agreement by advocating for a sentence based on a revised drug quantity calculation. Frazier contends that this was error, and also argues that the district court's findings as to drug quantity and obstruction of justice were insufficiently supported. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.      Plea Withdrawal

Frazier contends that (1) he and the government were mutually mistaken as to his career offender status; (2) that he received ineffective assistance of counsel; and (3) that the government breached the plea agreement. Each of these, he argues, independently required the district court to permit the withdrawal of his guilty plea. "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. *United States v. Albarran*, 943 F.3d 106, 117 (2d Cir. 2019). "We review interpretations of plea agreements *de novo* and in accordance with principles of contract law." *United States v. Wilson*, 920 F.3d 155, 162 (2d Cir. 2019) (citation omitted).

We turn first to Frazier's argument that the mutual mistake regarding his career offender status contained in the plea agreement required the district court to permit him to withdraw his plea. We disagree. The government does not dispute that both parties assumed, incorrectly, that Frazier was a career offender and calculated his sentence based on that inaccurate assessment. Nevertheless, to rescind a plea agreement and permit the withdrawal of a guilty plea based on such mutual mistake, Frazier must show that "the resulting imbalance in the agreed exchange is so severe that he can not fairly be required to carry it out." Restatement (Second) of Contracts § 152 cmt. c (1981). He has not made such a showing here. Frazier ultimately received a sentence within the range provided for in the plea agreement and continued to receive other benefits from the plea bargain, such as the dismissal of other charges. Under these circumstances, the district court did not abuse its discretion in rejecting Frazier's motion to withdraw based on mutual mistake.

Next, Frazier contends that his counsel was ineffective, rendering his plea involuntary. *See United States v. Arteca*, 411 F.3d 315, 321 (2d Cir. 2005). To prevail on such a claim, Frazier must "show[] that accurate information would have made a difference in his decision to enter a plea." *Id.*; *see also Lee v. United States*, 137 S. Ct. 1958, 1965 (2017). Frazier fails on this point as well. He offers no evidence, beyond his own *post hoc* conclusory assertions, that he would have proceeded to trial if he had known that he was not a career offender. "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee*, 137 S. Ct. at 1967. Frazier offers no contemporaneous evidence to substantiate his claim that he would have refused to plead guilty had he known that he was not a career offender. To the contrary, Frazier expressly

3

disclaimed a desire to go to trial during his statements as sentencing, explaining that, "if [he] had known [he] wasn't a career offender, [he's] not saying [he] would not [have] pleaded out, but [he] would have definitely tried to get a better deal." App'x 62. Accordingly, the district court did not "abuse its discretion in discrediting [Frazier's] later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." *United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001).

Frazier further argues that the government breached the plea agreement "by advocating a higher [drug] quantity than that to which it had agreed . . . , *i.e.*, 100–400 grams [of heroin]." Def.-Appellant's Br. 50. We have recently reiterated that vacatur of a plea agreement is proper only where the government's actions upset a defendant's "reasonable expectations." *Wilson*, 920 F.3d at 165; *see also United States v. Vaval*, 404 F.3d 144, 155 (2d Cir. 2005); *United States v. Brody*, 808 F.2d 944, 948 (2d Cir. 1986); *Paradiso v. United States*, 689 F.2d 28, 31 (2d Cir. 1982). Here, to the extent the government breached the plea agreement by advocating for a sentence based on a higher drug quantity, the government still "comport[ed] with the reasonable understanding and expectations of the defendant as to the sentence for which he had bargained" because the government continued to advocate for a sentence of 188 months, within the range provided for by the plea agreement. *Vaval*, 404 F.3d at 156 (citation omitted). Thus, Frazier suffered "no meaningful detriment," *Brody*, 808 F.2d at 948, rendering the breach "technical" and the remedy he seeks unwarranted, *Paradiso*, 689 F.2d at 30–31. And, while the government did ultimately advocate for a higher sentence based on Frazier's intimidation of a government source and Frazier's conduct at the *Fatico* hearing, the plea agreement expressly permitted the government to "modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines . . . in the event that subsequent to this agreement the government receives previously

4

unknown information." Gov't App'x 12. Accordingly, Frazier was well aware that his post-plea attempts to minimize his role in the drug-trafficking conspiracy and to benefit from his earlier pressuring of the government's source could affect the government's recommendation. In sum, the district court did not abuse its discretion in denying Frazier's motion to withdraw based on the government's breach of the plea agreement because Frazier suffered no meaningful detriment as a result.

## II.    Sentencing Findings

Finally, Frazier contends that the district court's findings at sentencing related to obstruction of justice and drug quantity were unsubstantiated. Not so. A district court's factual findings related to obstruction of justice and drug quantity made at sentencing are reviewed for clear error. *United States v. Pena*, 751 F.3d 101, 105 (2d Cir. 2014) (obstruction of justice); *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (drug quantity). Ultimately, both of the district court's factual findings that Frazier now challenges turn on the district court's decision to credit a government source over Frazier after both testified during a *Fatico* hearing. When "credibility determinations are at issue, we give particularly strong deference to a district court finding." *United States v. Murphy*, 703 F.3d 182, 189 (2d Cir. 2012) (citation omitted). The Supreme Court has observed that "when a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985).

Frazier points to no extrinsic evidence that directly contradicts the source's testimony and fails to identify any substantive internal inconsistencies in his statements. Specifically, looking

5

at the district court's findings as to obstruction of justice, the source's testimony offered ample basis to conclude that Frazier had intimidated him: not only did the source appear scared while testifying, but he was aware of Frazier's gang affiliation, his violent criminal history, and threats Frazier had made towards the source and his family. Accordingly, the district court properly resolved any conflict between the competing testimony of Frazier and the source by crediting the source.

As to the court's drug quantity findings, Frazier relies primarily on *United States v. Pauling*, 924 F.3d 649, 657–58 (2d Cir. 2019). But that case does not support Frazier's position. Not only did *Pauling* involve a higher burden of proof, as it reviewed a conviction following trial rather than a sentencing finding, but the government there relied on brief and vague statements not uttered by either member of a conspiracy and general assertions of an ongoing drug-trafficking relationship to establish a specific drug quantity. *Id.* at 659–61. Conversely, here, the district court had specific testimony from a co-conspirator and, to the extent it extrapolated total drug quantity, it did so in a manner consistent with our prior cases. *See, e.g.*, *United States v. Blount*, 291 F.3d 201, 215–16 (2d Cir. 2002); *United States v. Adames*, 727 F. App'x 12, 14 (2d Cir. 2018).

In sum, the district court did not clearly err by crediting the source or by relying on his testimony to support its findings as to drug quantity and obstruction of justice.

\* \* \*

We have considered Frazier's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6