104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES OF AMERICA, Appellee,
v.
JAMES H. LUND, Defendant-Appellant.
 No. 95-1313.
 United States Court of Appeals, Second Circuit.
 Sept. 4, 1996.
 
 Appearing for Appellant: Peter F. Langrock, Langrock Sperry & Wool, Middlebury, Vt.
 Appearing for Appellee: William B. Darrow, Ass't U.S. Att'y, D. Vt., Burlington, Vt.
 Before MESKILL, KEARSE and MAHONEY, Circuit Judges.
 
 SUMMARY ORDER
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Vermont, and was submitted by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is vacated and the matter is remanded for resentencing.
 
 
 3
 Defendant James H. Lund appeals from a judgment of conviction entered in the United States District Court for the District of Vermont following his plea of guilty before Lee P. Gagliardi, Judge, to one count of possessing a firearm, in violation of 26 U.S.C. §§ 5845(a) and 5861(d). In an upward departure from the imprisonment range prescribed by the federal Sentencing Guidelines ("Guidelines"), Lund was sentenced principally to 78 months' imprisonment. On appeal, he argues principally (1) that the government violated the plea bargain agreement by moving for the upward departure, and (2) that the court did not sufficiently articulate its reasons for granting the departure. He requests either that he be allowed to withdraw his plea of guilty or that the matter be remanded for resentencing before a different judge. The government concedes error, agrees that Lund should be resentenced, and states that upon remand it will refrain from moving for a departure and will recommend a sentence at the low end of the applicable Guidelines range.
 
 
 4
 Given the government's concession and representations, we vacate the judgment and remand for resentencing before a different judge, see, e.g., United States v. Carbone, 739 F.2d 45, 48 (2d Cir.1984) ("Despite the fact that the prosecutor alone breached the plea agreement, 'compliance with the agreement is best insured by requiring resentencing before another district judge.' ") (quoting United States v. Corsentino, 685 F.2d 48, 52 (2d Cir.1982)).
 
 
 5
 In light of this remand, Lund's contention that the court insufficiently articulated its reason for departure is moot, and his alternative request for leave to withdraw his plea is denied.