**UNITED STATES of America, Appellee,**

v.

**Leslie Charles COHEN, Appellant.**

**No. 94–3966.**

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1995.

Decided July 14, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied Aug. 21, 1995.

David R. Stickman, Federal Public Defender, Omaha, NE, argued, for appellant.

Ellyn Grant, Asst. U.S. Atty., Omaha, NE, argued, for appellee.

Before WOLLMAN, Circuit Judge, FRIEDMAN,* Senior Circuit Judge, and LOKEN, Circuit Judge.

WOLLMAN, Circuit Judge.

In this direct criminal appeal, the defendant argues that the government breached a plea agreement and that the district court[1] improperly enhanced the sentence. We affirm.

## I

Leslie C. Cohen pled guilty to one count of mail fraud, 18 U.S.C. § 1341, and one count of bank fraud, 18 U.S.C. § 1344. Cohen's guidelines range was determined to be 24–30 months. Cohen was sentenced to 30 months' imprisonment and ordered to make restitution of $165,705.

The charges stemmed from two similar swindles in which Cohen, using aliases and false Social Security numbers, opened a stock trading account and deposited a series of checks drawn on nonexistent Canadian bank accounts. In both cases, by the time several bad checks wended their way back and forth across the international border and alerted the brokerage that not just the first one or two, but all the checks were probably bad, Cohen had bought and sold securities and withdrawn substantial amounts of cash.

## II

Cohen's chief contention is that the government breached the plea agreement by failing to recommend a sentence at the low end of the guidelines range.

* The HONORABLE DANIEL M. FRIEDMAN, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

1. The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

In response to the district court's question at the plea hearing about the details of the plea agreement, the Assistant United States Attorney responded in part, "There's also one other matter, which is that the government will make a nonbinding recommendation at the time of sentencing that Mr. Cohen be sentenced at the low end of the guideline range." [2]

Towards the end of the sentencing hearing, the Assistant United States Attorney who made the above-quoted statement at the plea hearing was excused from the courtroom to attend a hearing in a different case. Her place was taken by one of her colleagues, whereupon the sentencing hearing continued. Cohen's counsel concluded his plea for a lenient sentence by saying, "It's a case where we would ask that you sentence Mr. Cohen to the low end of the guideline range, 24 months, for those reasons." The record then reveals the following:

[By Mr. Stickman]: May I confer with Mr. Kokrda just for a second?

THE COURT: You may.

(Mr. Stickman and Mr. Kokrda confer in low tones)

MR. KOKRDA: Your Honor, the government has—has no specific recommendation as to sentence. It has no objection to the defendant being sentenced at the low end of the guideline range. [The prosecutor then went on to discuss the matter of restitution and fine.]

At the conclusion of the prosecutor's statement, defense counsel voiced no objection or question. Likewise, after the court had pronounced sentence and inquired of defense counsel whether he had any reason why sentence should not be imposed as pronounced by the court, defense counsel voiced no question, objection, or complaint regarding the prosecutor's statement quoted above. It was not until he filed a memorandum in support of his motion for release on bail pending appeal that Cohen alleged that the government had failed to honor its agreement to recommend a sentence at the low end of the guideline range.

Putting aside the government's argument that it substantially complied with the terms of the plea agreement, we conclude that Cohen waived any objection to the government's failure to make the recommendation it had provided. As we see it, Cohen could have taken several steps in response to the prosecutor's statement that the government had no specific recommendation regarding the sentence. First, he could have raised an immediate objection to the statement, thereby requiring the prosecutor to make the specific recommendation it had promised. Second, he could have asked for a continuance for the purpose of recalling the Assistant United States Attorney who had made the promise. Third, he could have restated the terms of the agreement in open court. Fourth, he could have moved to withdraw the plea. Having elected to take none of these actions, he cannot now raise an eleventh-hour attack on the validity of his plea. *See United States v. Beatty,* 9 F.3d 686, 691–92 (8th Cir.1993). It would be unfair to permit Cohen to sit idly by at the time of sentencing, when by exercising any one of the courses of action open to him he could have obtained a clarification and correction of the government's position, and now seek a remand for that very same purpose.

■ Even had Cohen's failure to object or act at sentencing not waived the issue, the matter has not been properly preserved for review. In *United States v. McCray,* 849 F.2d 304 (8th Cir.1988) (per curiam), we held that a claim of a breach of plea agreement first raised in a post-sentencing motion for release on bail pending appeal adequately preserved the issue for appeal. In that case, however, the district court actually ruled on the claim, finding it to be without merit. In the present case, the district court did not rule on the claim of breach of promise, ruling only that the motion for release would be denied because of Cohen's failure to establish that he was not likely to flee or pose a danger to others if released.

**2.** We note that while the fully integrated written plea agreement contains no similar promise, the government does not contend that the above- quoted oral commitment is not binding. *See* Appellee's Brief at 17–20.

We note that after sentencing, Cohen failed to avail himself of several procedural options to press the district court for the ruling required to preserve his breach of promise claim. *See United States v. Ulland*, 638 F.2d 1150, 1151 (8th Cir.1981) (per curiam) (listing options of: 1) motion to withdraw guilty plea; 2) motion to reduce or correct sentence; and 3) petition to set aside conviction).

■ Whatever the difference between the prosecution's affirmatively recommending a low end sentence and not objecting to one, it does not rise to the level of plain error, given the extensive proceedings at the sentencing hearing. *Beatty*, 9 F.3d at 691–92.

### III

The plea agreement obligated the United States to "take no position during the sentencing phase with regard to ... more than minimal planning, U.S.S.G. § 2F1.1(b)(2)." Section 2F1.1(b)(2) provides that "[i]f the offense involved (A) more than minimal planning, or (B) a scheme to defraud more than one victim, increase by 2 levels." Cohen contends that the government breached the plea bargain by arguing to the probation officer that there was more than one victim (and we note that Cohen specifically raised this claim during the sentencing hearing, going so far as to move to withdraw the plea). But while the plea bargain insured that the United States could not argue for an enhancement based on part (A) of § 2F1.1(b)(2) (more than minimal planning), the bargain did not refer to part (B) (more than one victim). Because the government comments objected to by Cohen spoke only to the multiple victim aspect of § 2F1.1(b)(2), the plea agreement was not breached.

### IV

■ Cohen also contends that he should not have received a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, and that this obstruction enhancement was the only barrier to Cohen's receipt of a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Cohen does not dispute that he lied to the FBI and the probation officer. *See* U.S.S.G. § 3C1.1, application n. 3(g)–(h). Rather, Cohen contends that his falsehoods did not impede the investigation and thus were not material as defined in U.S.S.G. § 3C1.1, application n. 5.

■ Even if we assume, as Cohen argues, that his falsehoods were limited to background items such as his aliases, Social Security numbers used, and date and country of birth, Cohen obstructed justice. Providing false background information is not always cause for an obstruction enhancement. U.S.S.G. § 3C1.1, application n. 4(a). But given the nature of Cohen's crimes, such background information was not only material but vital to investigating officials. Financial records of the kind Cohen's scams involved are classified by information like name, Social Security number, and birth facts—the very things Cohen admits having lied about. Accordingly, the district court properly found that Cohen deserved the obstruction enhancement.

This conclusion defeats Cohen's claim to an acceptance of responsibility reduction because, barring extraordinary circumstances not extant here, an obstruction enhancement precludes any claim to an acceptance reduction. U.S.S.G. § 3E1.1, application n. 4.

Cohen's pro se motion to raise supplemental issues on appeal is denied.

The judgment is affirmed.