Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued September 9, 2003      Decided February 6, 2004

No. 01-3139

IN RE: SEALED CASE

———

Appeal from the United States District Court
for the District of Columbia
(No. 97cr00301–01)

———

*Lisa B. Wright*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A. J. Kramer*, Federal Public Defender.

*Lisa H. Schertler*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Roscoe C. Howard, Jr.*, U.S. Attorney, *John R. Fisher, Roy W. McLeese III* and *James H. Dinan*, Assistant U.S. Attorneys.

Before: GINSBURG, *Chief Judge*, and SENTELLE, *Circuit Judge*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* SENTELLE.

SENTELLE, *Circuit Judge*: Appellant appeals from a judgment of the District Court sentencing him to 121 months on

———

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

his bargained plea of guilty to possessing with intent to distribute cocaine. On appeal, he contends that the government breached his plea agreement by failing to protect him and his family from harm while he cooperated in ongoing investigations, and by failing to inform the Departure Guideline Committee (DGC) and the sentencing court of the extent of his cooperation. Because we find no reversible error, we affirm the judgment of the District Court.

## I.

On July 24, 1997, a federal grand jury in the District of Columbia charged appellant in a four-count indictment with possession with intent to distribute fifty grams or more of cocaine base (in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii)), possession of a firearm by a convicted felon (in violation of 18 U.S.C. § 922(g)(1)), possession of ammunition by a convicted felon (same provision), and possession of a firearm with an obliterated, removed, and altered serial number (in violation of 18 U.S.C. § 922(k)). On September 30, 1997, pursuant to a written plea agreement, appellant entered a guilty plea to the first count of the indictment, charging possession with intent to distribute. Among the terms of the agreement, in addition to the obvious exchange of the plea of guilty to one count in return for the dismissal of others, appellant agreed to cooperate with the government. In return, the government agreed that if the departure committee of the United States Attorneys' Office determined that the appellant had provided "substantial assistance," it would file a motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 permitting the court to depart below the otherwise applicable Guideline range and/or mandatory minimum sentence. The government also agreed that it would "take any and all necessary reasonable measures to protect [appellant's] and his family's safety," possibly "includ[ing] the obtaining of a section 8 voucher to allow [appellant's] family to [sic] other public assistance housing."

Over the next four-year period, the District Court held a series of status conferences in which the parties informed the

court of the progress of appellant's cooperation. While some of these reports were favorable, others displayed difficulties of varying severity and revealed the government's varying levels of satisfaction with appellant's cooperation. Finally, on November 13, 2001, the government filed a motion advising the court of the defendant's failure to cooperate, declaring that the appellant had "agreed to cooperate with the government by providing information and participating in covert operations" involving a known and notorious drug gang. The government's motion further stated that defendant had failed "to comply with the terms of his plea agreement to cooperate," and that he was "not entitled to a downward departure from the Guidelines." Following the filing of the motion, the parties appeared for sentencing on November 15, 2001. The prosecutor advised the court that consistent with the government's November 13 filing, the United States would not be filing a motion for departure under U.S.S.G. § 5K1.1 and that the court should proceed to sentencing in accordance with the Guideline range.

Defendant and his counsel made no objection to the government's description of appellant's failure to cooperate and did not dispute the government's determination that no 5K1.1 departure was warranted. The court sentenced appellant to a term of confinement of 121 months, the bottom of the Guideline range, followed by a five-year period of supervised release.

Despite the silence of appellant on the subject in the District Court, he contends on appeal that the United States breached the plea agreement in two respects and that he is therefore entitled to resentencing. He first contends that the government failed in its obligation under the bargain to protect him and his family. Second, he contends that the government breached the plea agreement by failing to inform the DGC and the District Court of cooperation he allegedly provided to the government. Although he concedes that he was unable to do everything that the government asked of him, he contends that the committee would have approved a substantial assistance downward departure if it had been "accurately informed" of his cooperation.

## II.

Before determining the merits of appellant's argument, we must first determine the appropriate standard of review. Appellant, who prays for a remand with an order for specific performance of his plea bargain, contends that in an appeal relying on the breach of a plea agreement, the Court of Appeals should consider the questions *de novo*. Appellant's argument for this standard of review rests primarily on three cases. *United States v. Jones*, 58 F.3d 688 (D.C. Cir.), *cert. denied*, 516 U.S. 970 (1995); *United States v. Wolff*, 127 F.3d 84 (D.C. Cir. 1997), *cert. denied*, 524 U.S. 929 (1998); and *Santobello v. New York*, 404 U.S. 257 (1971). *Jones* holds that "the interpretation of a plea agreement's terms is a pure matter of law." *Id.* at 691. In *Wolff*, appellant contends that we remanded the case for resentencing and specific performance based on a breach of plea agreement by the government where the claim of breach was raised for the first time on appeal. In *Santobello*, the Supreme Court directed that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Id.* at 262. Each of these propositions is in itself unassailable. However, taken together, they do not inexorably lead to appellant's conclusion that we should consider this matter *de novo* and grant him the relief sought.

The *Jones* Court, in the quoted passage, was not considering the standard of review to apply to a claim of breached plea agreement raised for the first time on appeal. Rather, that Court was delineating the standard it would apply in construing the terms of a plea agreement, the breach of which had been asserted, argued, and considered at the District Court level. 58 F.3d at 690. In *Wolff*, concededly, we granted a remand for specific performance of a plea bargain based on a breach not asserted in the District Court. However, *Wolff* involved an extraordinary circumstance not present in the case before us. In *Wolff*, the government, exercising what we described as "commendable candor," 127 F.3d at 86, confessed its breach of the plea agreement in the trial court and joined in the petition for remand. The only

issue before us in *Wolff* was the breadth of the relief after remand. Like *Jones*, that decision has nothing to do with the standard of review applicable to a disputed breach of a plea agreement not raised in the trial court.

Appellant offers *Santobello* for the proposition that he is entitled to the relief prayed. He further argues that *Santobello* establishes that "[c]ontractual breaches by the government are not 'errors' subject to Rule 52" of the Federal Rules of Criminal Procedure. True, *Santobello* does teach that the sentencing judgment entered after the prosecution's breach of a plea agreement must be vacated on appeal and the case remanded for further proceedings and new sentencing consistent with the interest of justice. However, *Santobello*, like *Wolff*, involved the prosecution's concession of a breached plea agreement. Further, *Santobello*, like *Jones*, was entered on review of an objection raised in the trial court. In no way does *Santobello* dictate the standard of review for a case like the one before us. Here, a defendant accuses the prosecution of breaching the plea agreement, for the first time on appeal, and the prosecution denies the charge. In short, none of the cases relied upon by appellant adopted a standard of *de novo* review on the question before us, and neither do we.

### III.

Having rejected the *de novo* review proposed by appellant, we join the substantial majority of circuits holding that when a defendant raises a claim of breached plea bargain for the first time on appeal, the reviewing court should apply a plain error standard of review consistent with Fed. R. Crim. P. 52(b). *See United States v. Barnes*, 278 F.3d 644, 646 (6th Cir. 2002); *United States v. Matchopatow*, 259 F.3d 847, 851 (7th Cir. 2001); *United States v. Saxena*, 229 F.3d 1, 5 (1st Cir. 2000); *United States v. Maldonado*, 215 F.3d 1046, 1051 (9th Cir.), *cert. denied*, 531 U.S. 1172 (2001); *United States v. Thayer*, 204 F.3d 1352, 1356 (11th Cir. 2000); *United States v. Cohen*, 60 F.3d 460, 462–63 (8th Cir. 1995); *United States v. Wilder*, 15 F.3d 1292, 1301 (5th Cir. 1994); *United States v. Fant*, 974 F.2d 559, 564–65 (4th Cir. 1992).

In holding that the plain error standard set forth in Rule 52(b) applies, we recognize that the Rules of Criminal Procedure do not directly address this circumstance or mandate the application of that standard. Rule 52(b) by its terms states that "a plain error that affects substantial rights may be considered even though it was not brought to the court's attention." This rule, then, is an alternative to Rule 51 which, at the time of the district court's ruling, permitted a defendant to preserve his claim of error by "mak[ing] [it] known to the court the action which [he] desires the court to take or [his] objection to the action of the court and the grounds therefor." Fed. R. Crim. P. 51 (2001). Appellant did not preserve his claim under Rule 51, however, because the relevant time for objecting was at the time of sentencing. *See United States v. Williams*, 350 F.3d 128, 128 (D.C. Cir. 2003). Rule 52 has no similar requirement for preserving a claim of error, and plain error is therefore the correct standard of review.

In fact, some circuits have moved in the direction of the application of the sort of *de novo* rule for which appellant opts. *See United States v. Peterson*, 225 F.3d 1167, 1170 (10th Cir.), *cert. denied*, 531 U.S. 1121 (2001); *United States v. Lawlor*, 168 F.3d 633, 636 (2d Cir. 1999); *United States v. Moscahlaidis*, 868 F.2d 1357, 1360 (3d Cir. 1989). *United States v. Corsentino*, 685 F.2d 48 (2d Cir. 1982), is cited for the proposition that the Second Circuit follows the minority rule. The *Corsentino* court did not clearly choose between the standards. In fact, that court states, "[w]e do not doubt that in some circumstances the impending violation of a plea agreement may be so clearly anticipated that a defendant's failure to object to what is about to happen can fairly be taken to be a waiver of compliance with the agreement." 685 F.2d at 50. It was only the fact that "[t]he defendant had no opportunity to object to the prosecutor's submission of a sentencing memorandum" that made the circuit decide in favor of *de novo* review in that case. *Id.* So, like our own decision in *Wolff*, *Corsentino* actually addresses a different question than the one before us, although its language concerning "waiver" is instructive. First, we note that in light of

the Supreme Court's semantic distinction between the concepts of "waiver" and "forfeiture" in *United States v. Olano*, 507 U.S. 725 (1993), issued subsequent to the *Corsentino* decision, the proper terminology is "forfeiture" rather than "waiver." "Forfeiture, as opposed to waiver, does not extinguish an 'error'. . . ." As the Supreme Court reasoned in *Olano*, a waiver extinguishes an error so that there is no review, because the defendant has knowingly and personally given up the waived right. In the case of a forfeiture, a legal rule may have been violated, "and if the defendant did not waive the rule, then there has been an 'error' within the meaning of [the Federal Rules] despite the absence of a timely objection." *Id.* at 734. Thus, where there has not been a knowing waiver completely extinguishing a right, but silence on the part of the appealing party has prevented examination by the trial court, the error is said to have been "forfeited" rather than "waived." *Id.* With that semantic amendment, we join the analysis of the *Corsentino* Court. It appears to us that forfeiture is precisely what occurs when a defendant has an opportunity to object to the breach of the plea agreement and does not do so.

Therefore, as the First Circuit stated, "[w]hen a defendant has knowledge of conduct ostensibly amounting to a breach of a plea agreement, yet does not bring that breach to the attention of the sentencing court, we review only for plain error." 229 F.3d at 5. *See also United States v. Barnes*, 278 F.3d at 646 ("Defendant waived his right to appeal any breach of the plea agreement, and a plain error analysis thus guides this Court's review."); *United States v. Maldonado*, 215 F.3d at 1051 ("With few narrow exceptions, breach of plea agreement issues not presented to the trial court cannot be raised for the first time on appeal."); *United States v. Thayer*, 204 F.3d at 1356 ("[Defendant] failed to object at trial; therefore, she has waived the issue on appeal, unless the deviation can overcome the plain error standard.").

The Eighth Circuit in *Cohen*, in discussing a claim of breached agreement and concluding that a forfeiture of any such objection occasioned review under the plain error standard, stated: "[defendant] could have taken several steps in response to the prosecutor's statement [allegedly breaching

the plea agreement]." 60 F.3d at 462. As that circuit further explained, the defendant "could have raised an immediate objection," or "could have asked for a continuance for the purpose of" examining the Assistant United States Attorney who had made the bargain, or "could have restated the terms of the agreement in open court" and alleged its breach. *Id.* The Eighth Circuit held that having "elected to take none of these actions, he can not now raise an eleventh-hour attack on the validity of his plea." *Id.* We find this logic unassailable, and apply plain error review here.

The few cases in the minority offer no convincing reasoning to the contrary. The Tenth Circuit decision in *Peterson* relies entirely on precedent of circuit law, which traces back to *United States v. Shorteeth*, 887 F.2d 253, 255 (10th Cir. 1989). *Shorteeth* simply adopted the Second and Third Circuit's view without analysis, citing *United States v. Moscahlaidis*, 868 F.2d 1357, 1360 (3d Cir. 1989), and *Paradiso v. United States*, 689 F.2d 28, 30 (2d Cir. 1982). Unlike the *Peterson* panel, we are not bound by the circuit law of the Tenth Circuit.

As to the Third Circuit decision in *Moscahlaidis*, it does not appear to us that that case actually adopts the *de novo* review standard for which it is cited. As applicable here, the reasoning of that case broke the review into two parts.[1] The first step was the review of the "facts of the case, *i.e.*, what are the terms of the agreement and the conduct of the government." 868 F.2d at 1360. The second step was "whether the conduct of the government violated the terms of the plea agreement." *Id.* As to the first question, the one which is determinative in the present case, the Third Circuit expressly held "[t]he facts of the case, if disputed, are determined by the district court and our review of those findings is limited to a clearly erroneous standard." *Id.* (citing *United States v. Carrillo*, 709 F.2d 35 (9th Cir. 1983)). It was only as to the distinct question of "whether the government's conduct violates the terms of the plea agreement" that the court held

---

[1] A third part discussing remedy is not here relevant. *See* 868 F.2d at 1360 (citing *Santobello v. New York*, 404 U.S. 257 (1971)).

the issue to be "a question of law," for plenary review. *Id.* As appellant's silence in the case before us prevented the District Court from finding the facts, were we to follow the Third Circuit by its terms, we would still be unable to subject the alleged error to *de novo* review, as we certainly could not find plain error in facts which the District Court was never called upon to find.

The Second Circuit decision in *Paradiso*, relied upon by the Tenth Circuit in *Shorteeth*, is also founded on circuit precedent with little or no further reasoning. The circuit precedent upon which the *Paradiso* court relied was *Corsentino*, which we have already noted, is distinguishable and not persuasive on the facts before us.

In short, we join the majority of circuits that hold that a defendant who has the opportunity and knowledge to object to an alleged breach of plea agreement by the prosecution cannot successfully assert it for the first time on appeal, unless his objection can survive plain error review. This standard is not only supported by well-reasoned cases in the majority of circuits, but is totally consistent with the anti-sandbagging philosophy of the Federal Rules as set out in Fed. R. Crim. P. 51 and 52. As the Ninth Circuit observed in *United States v. Flores–Payon*, 942 F.2d 556, 560 (9th Cir. 1991), the fact-specific nature of an allegation of breach of plea agreement makes it "precisely the type of claim that a district court is best situated to resolve." Agreeing with that holding, we will proceed to review the allegation of breached plea agreement under the plain error standard.

## IV.

We note that the standard of review may make less difference than warrants the emphasis put upon it by the parties, and by this opinion thus far. While appellant's forfeiture in the trial court makes it impossible for us to answer with certainty, there is little in the record to suggest that the government breached its plea agreement under any standard of review. Nonetheless, we will proceed with the application of the plain error standard.

Under the plain error standard, before an appellate court can act upon an error not raised at trial, "there must be (1) 'error' (2) that is 'plain' and (3) that 'affects substantial rights.'" *Johnson v. United States*, 520 U.S. 461, 467 (1997) (citations and internal punctuation omitted). Even if all three of these conditions are met, "an appellate court may ... exercise its discretion to notice a forfeited error ... only if (4) the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (citations and internal punctuation omitted). On the record before us, we find that the appellant has failed to establish the critical first and second conditions of plain error review: he has not shown us error, certainly not one that is plain.

The word "plain" as used by the Supreme Court in outlining the four-part test for plain error "is synonymous with 'clear' or, equivalently 'obvious.'" *Id.* (citations and internal punctuation omitted). The error which appellant asserts–that is the breach of the two provisions of the plea agreement–is anything but clear or obvious. Appellant's best argument that there is record support for the claimed breach of the family protection provision is his own statement in the District Court that he could not satisfy the government's cooperation demands without endangering his family. Since the record does not support either the objectivity of his fear, or that some failure by the government caused it, we can hardly hold that the record makes it clear or obvious that the government breached that provision. As to appellant's alternative claim that the government breached its promise to provide the departure committee and the sentencing court with accurate information as to the nature and extent of his cooperation, the record is at best ambiguous. Particularly given the considerable discretion vested in the prosecution under U.S.S.G. § 5K1.1, we cannot conclude that an ambiguous record supports the sort of plain, clear, or obvious error necessary to set aside the judgment in this case.

## Conclusion

For the reasons set forth above, we conclude that appellant has established no error, let alone one cognizable under the

plain error standard. The judgment appealed from is therefore

*Affirmed.*