UNITED STATES of America,

v.

Isaac RIVERA, Appellant.

No. 02–3067.

United States Court of Appeals,
Third Circuit.

April 15, 2004.

George S. Leone, Office of United States Attorney, Newark, NJ, Norman J. Gross, Office of United States Attorney, Camden, NJ, for Appellee.

Clayton A. Sweeney, Jr., Philadelphia, PA, for Appellant.

Present: SCIRICA, Chief Judge, SLOVITER, NYGAARD, ALITO, ROTH, McKEE, RENDELL, BARRY, AMBRO, FUENTES, SMITH, CHERTOFF, and FISHER, Circuit Judges, and OBERDORFER, District Judge.*

SUR PETITION FOR REHEARING

SLOVITER, Circuit Judge.

The petition for rehearing filed by Appellee, United States, in the above-entitled case having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court en banc, the petition for rehearing is denied.[1] Judges Chertoff and Fisher would have granted rehearing en banc. Judge Chertoff files a separate dissent.

*Opinion of the Panel sur Denial of Rehearing en banc*

OBERDORFER, District Judge.

De novo review is appropriate in this case because of our precedents in *United States v. Queensborough,* 227 F.3d 149, 156 (3d Cir.2000), and *United States v. Moscahlaidis,* 868 F.2d 1357, 1360 (3d Cir. 1989), and because of the principles articulated in the panel opinion. While our decision in *United States v. Thornton,* 306 F.3d 1355 (3d Cir.2002), employed a plain error standard, that opinion never acknowledged that the precedents *Queensborough* and *Moscahlaidis* used plenary review, nor did it explain why it broke with those precedents. This Circuit has long held that if its cases conflict, the earlier is the controlling authority and the latter is ineffective as precedents. *Gluck v. United States,* 771 F.2d 750, 753 (3d Cir.1985). Further, *United States v. Vonn,* 535 U.S. 55, 66, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002), does not "effectively undercut" our earlier precedents on the issue of the standard of review for a claim of breach of plea agreement. *Vonn* addressed only Rule 11 errors. Because breach of plea agreement is not an issue addressed by Rule 11, *Vonn's* holding does not apply to Rivera's claim. Perhaps most significantly for the purposes of our consideration of *en banc* review, even if we granted rehearing and overruled our prior precedents, both the applicable standard of review and the outcome of the case would remain *unchanged.* As discussed further below, Rivera was entitled to *de novo* review on additional

---

* Hon. Louis F. Oberdorfer, Senior District Judge for the District of Columbia, sitting by designation, as to panel rehearing only.

1. A separate Opinion of the Panel Sur Denial of Rehearing is issued regarding the denial of the petition for rehearing in order to address the issues raised in the dissent.

grounds independent from the rule applied in *Queensborough* and *Moscahlaidis*.

Under Fed. R. Cr. P. 51, "[a] party may preserve a claim of error by informing the court—when the court ruling or order is made or sought—of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." Rule 51 "relieves a party of the need to renew an objection to an instruction if the party's objection has been made clear to the district court." Moore's Fed. Prac.3d § 51.03. Compliance with Rule 51 does not require "surgical precision." *Id.* (quoting *Exxon Corp. v. Amoco Oil Co.*, 875 F.2d 1085, 1090 (4th Cir.1989)).

In Rivera's case, both the United States and the sentencing judge were on notice from Rivera's objections to the Presentence Report, filed by him with the court before, and not ruled upon until, the sentencing hearing, that he viewed the adoption of the probation officer's recommended departure from the plea agreement as "repugnant to [the] plea agreement." Defendant's Objections to the Presentence Report dated April 18, 2002 (Appendix at 132(a)). Accordingly, Rivera adequately (albeit not expertly) preserved his claim. *Cf. Government of Virgin Islands v. Joseph*, 964 F.2d 1380 (3d Cir. 1992) (defendant preserved his objection to admissibility of shooting victim's hearsay statement, even though defendant did not interpose contemporaneous objection, where defendant's counsel made written pretrial motion to exclude statement, district court conducted hearing after start of trial, and district court made definitive ruling with no suggestion that it would reconsider the issue); *United States v. Mejia–Alarcon*, 995 F.2d 982 (10th Cir. 1993) (defendant's motion *in limine* preserved objection to use of prior food stamp conviction evidence, where defense

counsel adequately argued issue of whether prior conviction was admissible other crimes evidence, motion *in limine* presented evidentiary issue akin to question of law, and district court's ruling was definitive). Although (as noted in footnote 4 of the opinion) the rule from our decisions in *Queensborough* and *Moscahlaidis* made it unnecessary for the panel to address the foregoing question of the alternative ground for *de novo* review of his claim for breach of plea agreement, Rivera effectively preserved the right to *de novo* review on that alternative ground as well.

CHERTOFF, Circuit Judge, dissenting.

I respectfully dissent from the Court's denial of the Government's petition for rehearing *en banc*.

The panel opinion declines to subject Appellant's claim to the "plain error" standard of review under Rule 52 of the Federal Rules of Criminal Procedure. That Rule provides that where, as here, appellant failed to raise a legal challenge in the district court, we review under the standard set forth in *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The panel decision is driven by language in *United States v. Queensborough*, 227 F.3d 149, 156 (3d Cir.2000) and in *United States v. Moscahlaidis*, 868 F.2d 1357, 1360 (3d Cir.1989).

I am not convinced that we need to read our earlier decisions to compel that an alleged breach of a plea agreement is reviewed *de novo* even if appellant never complained in the district court. Indeed, our decision in *United States v. Thornton*, 306 F.3d 1355, 1357 (3d Cir.2002), employed a plain error standard in reviewing a claim that the district court violated a plea agreement. The distinction between a district court violation of a plea agreement and a prosecutor's violation of a plea agreement is too fragile to support a difference in the standard of review.

More important, whatever the precedential effect of *Queensborough* and *Moscahlaidis,* I believe they have been substantially undercut by the later decision of the Supreme Court in *United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). There, the Supreme Court held that an error not raised during the course of a guilty plea is reviewed for plain error, as opposed to the lower harmless error standard. The logic of *Vonn* is fatal to the decision here. As in *Vonn, de novo* review in this context would invite a defendant to stay silent about an error at the time it could be cured by the district judge, while waiting "to see if the sentence later struck him as satisfactory." 535 U.S. at 73, 122 S.Ct. 1043.

Finally, the weight of well-reasoned authority in other circuits continues to mount on the side of reviewing alleged breaches of plea agreements under the plain error rule. These cases are most recently canvassed in the decision of *In re Sealed Case,* 356 F.3d 313 (D.C.Cir.2004).

Because I believe that we should not continue to perpetuate an erroneous standard of review, I would vote to rehear this matter *en banc.*