

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2004

# USA v. Rivera

Precedential or Non-Precedential: Precedential

Docket No. 02-3067

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Rivera" (2004). *2004 Decisions.* Paper 744.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/744

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 02-3067

———

UNITED STATES OF AMERICA

v.

ISAAC RIVERA,
Appellant

———

SUR PETITION FOR REHEARING

Present:     SCIRICA, Chief Judge, SLOVITER, NYGAARD, ALITO, ROTH,
McKEE, RENDELL, BARRY, AMBRO, FUENTES, SMITH,
CHERTOFF, and FISHER, Circuit Judges, and OBERDORFER, District
Judge[*]

The petition for rehearing filed by *Appellee, USA, in the above-entitled case

having been submitted to the judges who participated in the decision of this court and to

all the other available circuit judges of the circuit in regular active service, and no judge

who concurred in the decision having asked for rehearing, and a majority of the circuit

judges of the circuit in regular active service not having voted for rehearing by the court

---

[*] Hon. Louis F. Oberdorfer, Senior District Judge for the District of Columbia, sitting
by designation, as to panel rehearing only.

en banc, the petition for rehearing is denied.[1]  Judges Chertoff and Fisher would have

granted rehearing en banc.  Judge Chertoff files a separate dissent.

By the Court,


/s/   Dolores K. Sloviter
Circuit Judge

*AMENDED April 16, 2004
Dated:     April 15, 2004
tyw/cc:    Clayton A. Sweeney Jr., Esq.
           Norman J. Gross, Esq.
           George S. Leone, Esq.

---

[1] A separate Opinion of the Panel Sur Denial of Rehearing is issued regarding the denial of the petition for rehearing in order to address the issues raised in the dissent.

**Opinion of the Panel *sur* Denial of Rehearing *en banc***

OBERDORFER, <u>District</u> <u>Judge</u>.

De novo review is appropriate in this case because of our precedents in <u>United States v. Queensborough</u>, 227 F.3d 149, 156 (3d Cir. 2000), and <u>United States v. Moschalaidis</u>, 868 F.2d 1357, 1360 (3d Cir. 1989), and because of the principles articulated in the panel opinion. While our decision in <u>United States v. Thornton</u>, 306 F.3d 1355 (3d Cir. 2002), employed a plain error standard, that opinion never acknowledged that the precedents <u>Queensborough</u> and <u>Moschalaidis</u> used plenary review, nor did it explain why it broke with those precedents. This Circuit has long held that if its cases conflict, the earlier is the controlling authority and the latter is ineffective as precedents. <u>Gluck v. United States</u>, 771 F.2d 750, 753 (3d Cir. 1985). Further, <u>United States v. Vonn</u>, 535 U.S. 55, 66 (2002), does not "effectively undercut" our earlier precedents on the issue of the standard of review for a claim of breach of plea agreement. <u>Vonn</u> addressed only Rule 11 errors. Because breach of plea agreement is not an issue addressed by Rule 11, <u>Vonn</u>'s holding does not apply to Rivera's claim. Perhaps most significantly for the purposes of our consideration of *en banc* review, even if we granted rehearing and overruled our prior precedents, both the applicable standard of review and the outcome of the case would remain *unchanged*. As discussed further below, Rivera was entitled to *de novo* review on additional grounds independent from the rule applied in <u>Queensborough</u> and <u>Moschalaidis</u>.

1

Under Fed. R. Cr. P. 51, "[a] party may preserve a claim of error by informing the court – when the court ruling or order is made or sought – of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." Rule 51 "relieves a party of the need to renew an objection to an instruction if the party's objection has been made clear to the district court." Moore's Fed. Prac. 3d § 51.03. Compliance with Rule 51 does not require "surgical precision." Id. (quoting Exxon Corp. v. Amoco Oil Co., 875 F.2d 1085, 1090 (4th Cir. 1989)).

In Rivera's case, both the United States and the sentencing judge were on notice from Rivera's objections to the Presentence Report, filed by him with the court before, and not ruled upon until, the sentencing hearing, that he viewed the adoption of the probation officer's recommended departure from the plea agreement as "repugnant to [the] plea agreement." Defendant's Objections to the Presentence Report dated April 18, 2002 (Appendix at 132(a)). Accordingly, Rivera adequately (albeit not expertly) preserved his claim. Cf. Government of Virgin Islands v. Joseph, 964 F.2d 1380 (3d Cir. 1992) (defendant preserved his objection to admissibility of shooting victim's hearsay statement, even though defendant did not interpose contemporaneous objection, where defendant's counsel made written pretrial motion to exclude statement, district court conducted hearing after start of trial, and district court made definitive ruling with no suggestion that it would reconsider the issue); United States v. Mejia-Alarcon, 995 F.2d 982 (10th Cir. 1993) (defendant's motion *in limine* preserved objection to use of prior

2

food stamp conviction evidence, where defense counsel adequately argued issue of whether prior conviction was admissible other crimes evidence, motion *in limine* presented evidentiary issue akin to question of law, and district court's ruling was definitive).  Although (as noted in footnote 4 of the opinion) the rule from our decisions in Queensborough and Moschalaidis made it unnecessary for the panel to address the foregoing question of the alternative ground for *de novo* review of his claim for breach of plea agreement, Rivera effectively preserved the right to *de novo* review on that alternative ground as well.

CHERTOFF, Circuit Judge, dissenting

I respectfully dissent from the Court's denial of the Government's petition for rehearing *en banc*.

The panel opinion declines to subject Appellant's claim to the "plain error" standard of review under Rule 52 of the Federal Rules of Criminal Procedure.  That Rule provides that where, as here, appellant failed to raise a legal challenge in the district court, we review under the standard set forth in United States v. Olano, 507 U.S. 725 (1993).  The panel decision is driven by language in United States v. Queensborough, 227 F.3d 149, 156 (3d Cir. 2000) and in United States v. Moscahlaidis, 868 F.2d 1357, 1360 (3d Cir. 1989).

I am not convinced that we need to read our earlier decisions to compel that an alleged breach of a plea agreement is reviewed *de novo* even if appellant never

3

complained in the district court. Indeed, our decision in <u>United States v. Thornton</u>, 306 F.3d 1355, 1357 (3d Cir. 2002), employed a plain error standard in reviewing a claim that the district court violated a plea agreement. The distinction between a district court violation of a plea agreement and a prosecutor's violation of a plea agreement is too fragile to support a difference in the standard of review.

More important, whatever the precedential effect of <u>Queensborough</u> and <u>Moscahlaidis</u>, I believe they have been substantially undercut by the later decision of the Supreme Court in <u>United States v. Vonn</u>, 535 U.S. 55 (2002). There, the Supreme Court held that an error not raised during the course of a guilty plea is reviewed for plain error, as opposed to the lower harmless error standard. The logic of <u>Vonn</u> is fatal to the decision here. As in <u>Vonn</u>, *de novo* review in this context would invite a defendant to stay silent about an error at the time it could be cured by the district judge, while waiting "to see if the sentence later struck him as satisfactory." 535 U.S. at 73.

Finally, the weight of well-reasoned authority in other circuits continues to mount on the side of reviewing alleged breaches of plea agreements under the plain error rule. These cases are most recently canvassed in the decision of <u>In re Sealed Case</u>, 356 F.3d 313 (D.C. Cir. 2004).

Because I believe that we should not continue to perpetuate an erroneous standard of review, I would vote to rehear this matter *en banc*.