EDWARDS, Senior Circuit Judge,
concurring, with whom SILBERMAN, Senior Circuit Judge, joins:
The question before this court is whether a preponderance of the evidence supports the trial court’s decision to sentence appellant under U.S.S.G. § 2D1.8(a)(l). With no attention paid to the relevant federal rules or applicable case law, the parties assumed that appellant’s claim was subject to plain error review because he failed to preserve his objection to the trial judge’s factual findings. After determining that the District Court made no factual findings on appellant’s participation in the underlying drug offense, we had no occasion to address the applicable standard of review. Nonetheless, because we think the issue is important, especially in the context of sentencing, we write separately *849 to explain why we think the parties were likely misguided in their assumption.
Our premise is simple: We are required to apply “a clear error standard of review for appellate challenges to judicial fact-finding at sentencing,” United States v. Garcia, 413 F.3d 201, 222 (2d Cir.2005), without regard to whether appellant objected to the trial judge’s factual findings below.
As the Supreme Court recently stated in Gall v. United States, — U.S.-, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), we review a sentencing court’s factual determinations for clear error. See id. at 597 (holding that a sentence is subject to reversal if the trial judge “select[s] a sentence based on clearly erroneous facts”); see also United States v. Edwards, 496 F.3d 677, 681, 683 (D.C.Cir.2007) (appellate courts review sentencing court’s factual findings for clear error). However, with respect to certain matters (other than a trial judge’s factfinding in support of a particular sentence), if a criminal defendant fails to object to an error at sentencing, a challenge to that error on appeal is deemed forfeited unless the more demanding plain error standard of review is satisfied. See Fed.R.Crim.P. 51(b) (“Preserving a Claim of Error”); Fed.R.CRImP. 52(b) (“Plain Error”); see also United States v. Olano, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Thus, for example, if on appeal an appellant raises a theory in support of a downward adjustment that was never raised at sentencing, the matter will be reviewed for plain error. See, e.g., In re Sealed Case, 349 F.3d 685, 690-91 (D.C.Cir.2003). Likewise, parties in a sentencing proceeding must file timely objections to the findings contained in a PSR in order to preserve any objections for appeal. See Fed.R.CRImP. 32(f) (“Objecting to the Report”); Fed.R.CRImP. 32(f)(1) (parties must object within 14 days to “material information, sentencing guideline ranges, and policy statements contained in or omitted from the [presentence] report”); cf. United States v. Saro, 24 F.3d 283, 286 (D.C.Cir.1994) (reviewing for plain error appellant’s claim that district court erred in calculating his base offense level where appellant failed to object to the findings in the PSR).
Our case law is unclear on whether a criminal defendant must object to a sentencing court’s factual determinations at the time of sentencing in order to avoid forfeiting any challenges on appeal. See United States v. Brodie, 524 F.3d 259, 269-70 & n. 7 (D.C.Cir.2008) (declining to resolve whether unpreserved challenge to district court’s finding on sentencing enhancement is renewable only for plain error and concluding that the enhancement was not erroneous); United States v. Gew-in, 471 F.3d 197, 202 (D.C.Cir.2006) (same, where court’s implicit factual finding on appellant’s ability to pay fine was not erroneous). We believe that, as with judge-made factual findings in civil bench trials, an appellant in a criminal case may seek clear error review of a sentencing court’s factual findings without regard to whether the appellant requested findings, objected to them, or moved to amend the findings before the trial judge.
Federal Rule of Civil Procedure 52(a) codifies the clearly erroneous standard of review for findings of fact in civil bench trials. See Fed.R.CivP. 52(a)(6). In Maine v. Taylor, 477 U.S. 131, 106 S.Ct. 2440, 91 L.Ed.2d 110 (1986), the Supreme Court adopted Rule 52(a)’s clearly erroneous standard for appellate review of findings of fact by a district court in criminal cases on issues other than those that determine guilt. Id. at 145, 106 S.Ct. 2440; see also 9C Chaeles AlaN Wright & Arthur R. Miller, Federal Practioe And ProCedure: Trials § 2573 (3d ed.2008) [hereinafter Wright & Miller] (Rule *850 52(a)’s clearly erroneous standard applies to “findings of a district judge in a criminal case on issues other than guilt”). The Taylor Court reasoned that applying Rule 52(a)’s clearly erroneous standard in criminal cases was appropriate, because the “Federal Rules of Criminal Procedure contain no counterpart to Federal Rule of Civil Procedure 52(a)” and “the considerations underlying Rule 52(a) — the demands of judicial efficiency, the expertise developed by trial judges, and the importance of first-hand observation — all apply with full force in the criminal context, at least with respect to factual questions having nothing to do with guilt.” Taylor, 477 U.S. at 145, 106 S.Ct. 2440 (internal citation omitted) (emphasis added).
Since Taylor, the Court has reaffirmed that the clearly erroneous standard applies to judicial factfinding in criminal cases. See Hernandez v. New York, 500 U.S. 352, 365-66, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) (plurality opinion) (noting that “Federal Rule of Civil Procedure 52(a) ... permits factual findings to be set aside only if clearly erroneous” and that “we have held that the same standard should apply to review of findings in criminal cases on issues other than guilt”) (citing Taylor, 477 U.S. at 145, 106 S.Ct. 2440; Campbell v. United States, 373 U.S. 487, 493, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963)). This court, in turn, has invoked Rule 52(a) in holding that the clearly erroneous standard governs our review of factual findings in criminal cases. See United States v. Williams, 951 F.2d 1287, 1289 (D.C.Cir.1991) (citing Rule 52(a) and noting that the clearly erroneous standard was “imported from the civil rules for cases tried to the court ... because the rules of criminal procedure were silent on the matter”) (internal citation omitted).
By its own terms, Rule 52 makes clear that a party need not object to a trial judge’s findings of fact in order to preserve a challenge on appeal:
Questioning the Evidentiary Support. A party may later question the sufficiency of the evidence supporting the findings, whether or not the party requested findings, objected to them, moved to amend them, or moved for partial findings.
Fed.R.Civ.P. 52(a)(5). See also 9C WRIght & MilleR § 2581 (noting that “Federal Rule 52 is not intended to create formal barriers to appellate review” and that, under Rule 52(a), it is not “necessary for a party seeking to question the sufficiency of the evidence on appeal to have made an objection in the district court to the findings”); Harry T. Edwards & Linda A. Elliott, Federal Standards of Review — Review of DistriCT Court Deoisions AND Agenoy Aotions 62 (2007) [hereinafter Edwards & Elliott] (noting that, under Rule 52, an “appellate challenge to the sufficiency of the factual findings on which a judgment or judgment on partial findings rests is not affected by a party’s failure to preserve the issue”). This exemption from the error-preservation requirement has been part of Rule 52 since the Federal Rules of Civil Procedure were adopted in 1937. See 3 James Wm. Moore & Joseph Friedman, Moore’s Federal Practioe § 52.02 (1938) (analyzing the error-preservation provision in Rule 52 and noting that “all pitfalls in securing review have been avoided”). The provision was initially housed in Rule 52(b). In 2007, the Federal Rules of Civil Procedure were amended and the error-preservation provision was moved from Rule 52(b) to Rule 52(a)(5). See Edwards & Elliott at 201. However, the content of the provision was retained without material change. See Fed.R.CivP. 52, advisory committee’s notes (2007 amendments).
*851 In sum, plain error review always has been inapplicable to factual challenges governed by Rule 52 of the Federal Rules of Civil Procedure. See, e.g., Fed. Ins. Co. v. HPSC, Inc., 480 F.3d 26, 32 (1st Cir.2007) (“We see no reason why [a party], following a bench trial, cannot argue now for the first time [on appeal] that the court’s findings were clearly erroneous or that they cannot support the judgment.”) (citation omitted); Colonial Penn Ins. v. Mkt. Planners Ins. Agency Inc., 157 F.3d 1032, 1036 & nn. 2-3 (5th Cir.1998) (same); Monaghan v. Hill, 140 F.2d 31, 33 (9th Cir.1944) (same). Mindful that the clearly erroneous standard applies to a trial judge’s factual findings in criminal cases (on issues other than guilt), including findings made at sentencing, see Gall, 128 S.Ct. at 597, we believe that the clearly erroneous standard governs the sort of factual sufficiency challenge at issue in this appeal. We find no merit in the parties’ suggestion that plain error review would have applied in this case had we been required to address the standard of review. Nothing in Taylor or the Supreme Court’s more recent cases applying the clearly erroneous standard in criminal cases purports to require a criminal defendant to preserve a challenge to the sufficiency of a district court’s non-guilt factual findings at sentencing.
In reaching this conclusion, we follow the approach taken by the Second Circuit in Garcia. In that case, the appellate court reviewed a sentencing judge’s factual findings for clear error, even though one of the defendants had failed to challenge the findings below. 413 F.3d at 205, 219 n. 13, 222-23. In applying the clearly erroneous (not plain error) standard of review, the Garcia court effectively adhered to the mandate of Federal Rule of Civil Procedure 52(a)(5). We recognize that some circuits seem to assume that plain error is the appropriate standard for reviewing challenges to a sentencing court’s factual findings raised for the first time on appeal. See, e.g., United States v. Salado, 339 F.3d 285, 293-94 (5th Cir.2003) (noting that the appellate court reviews challenges to a trial judge’s factfinding in support of sentencing for plain error when the appellant failed to object below); cf. United States v. Grier, 475 F.3d 556, 570 (3d Cir.2007) (en banc) (“A sentence imposed as a result of a clearly erroneous factual conclusion will generally be deemed ‘unreasonable’ and, subject to the doctrines of plain and harmless error, will result in remand to the district court for resentencing.”). However, these decisions lend little to our analysis, because they entirely fail to consider the fact that the clearly erroneous standard involves no preservation requirement.
More than 20 years ago, the Supreme Court noted that “the ‘clearly erroneous’ standard of review long has been applied to nonguilt findings of fact by district courts in criminal cases.” Taylor, 477 U.S. at 145, 106 S.Ct. 2440. And since the adoption of Rule 52 in 1937, it has also been clear that an appellant need not object to a trial judge’s factual findings in order to seek clearly erroneous review of those findings on appeal:
Rule 52 makes clear that, in contrast to most questions raised on appeal, an appellate challenge to the sufficiency of the evidence supporting the factual findings on which a judgment or judgment on partial findings rests is not affected by a party’s failure to preserve the issue.
Plain error review is consequently inapplicable to review of such challenges.
EdwaRds & Elliott at 62-63.
To preserve a claim of error on appeal, a party typically must raise the issue before the trial court. See, e.g., Fed.R.Evid. 103(a); Fed.R.CrimP. 30(d); Fed. R.CrimJP. 51(b); Fed.R.Civ.P. 46; Fed. *852 R.CrvP. 51(e), (d). “No procedural principle is more familiar ... than that a ... right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.” Ya-kus v. United States, 321 U.S. 414, 444, 64 S.Ct. 660, 88 L.Ed. 834 (1944). There are at least three good reasons for this procedural principle: (1) to allow the trial judge, before whom the matter is being tried, to address a party’s claims in the first instance, see Hormel v. Helvering, 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037 (1941); (2) to afford the appellate court the benefit of the trial judge’s views on matters that may come before it on appeal, see United States v. Blackwell, 694 F.2d 1325, 1344-45 (D.C.Cir.1982) (Robinson, J., concurring); and (3) to prevent one party from sandbagging another by raising new claims on appeal, see Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); Hormel, 312 U.S. at 556, 61 S.Ct. 719; In re Sealed Case, 356 F.3d 313, 319 (D.C.Cir.2004); Blackwell, 694 F.2d at 1344-45 (Robinson, J., concurring). Given the importance of this procedural principle, it is notable, but not surprising, that Federal Rule of Civil Procedure 52(a)(5) carves out a significant exception to the normal requirements of error preservation for challenges to the sufficiency of the evidence supporting findings of fact underlying judgments in bench trials. The exception is unsurprising, because factfinding in a bench trial occurs only after a trial judge has reviewed the parties’ evidentiary submissions and arguments. In other words, a trial judge almost always has the benefit of the parties’ views on the evidence before making findings of fact. Therefore, it would serve no good end to require the parties to formally object to the judge’s findings of fact in order to preserve a challenge on appeal.
In any event, the Supreme Court has made it plain that the clearly erroneous standard of review set forth in Rule 52 applies in both civil and criminal contexts. The exception to the error-preservation requirement now found in Rule 52(a)(5) is part of the standard and, therefore, we can discern no good reason to limit the exception to civil cases alone. Accordingly, we believe that the clearly erroneous standard governs an appellate court’s review of a sentencing judge’s factual findings, whether or not those findings have been challenged below.