# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 21-5217

September Term, 2023

FILED ON: JUNE 11, 2024

MARK JORDAN,
              APPELLANT

v.

FEDERAL BUREAU OF PRISONS AND COLETTE PETERS, DIRECTOR, U.S. BUREAU OF PRISONS,
              APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-01478)

Before: HENDERSON and GARCIA, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*.

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be vacated and the case **REMANDED** for dismissal.

\* \* \*

Mark Jordan, who is currently in the custody of the Bureau of Prisons ("BOP"), filed suit in federal district court challenging BOP's authority to impose a wide range of disciplinary sanctions and seeking declaratory and injunctive relief. The district court dismissed Jordan's complaint for failure to state a claim, and Jordan appealed. We appointed amicus to address Jordan's Article III standing. After we heard argument in this case, Jordan filed notices expressing that he wishes to challenge only BOP's authority to impose monetary fines as sanctions. For that narrow claim, Jordan's complaint does not adequately allege a threat of immediate or ongoing injury sufficient to support standing to seek declaratory and injunctive relief. We therefore vacate the decision below and remand the case to be dismissed for lack of jurisdiction.

1

# I

BOP, under the direction of the Attorney General, has "charge of the management and regulation of all Federal penal and correctional institutions," 18 U.S.C. § 4042(a)(1), and "shall . . . provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States," *id.* § 4042(a)(3).

BOP has interpreted this grant of authority to allow it to "[p]romulgat[e] rules governing the control and management of Federal penal and correctional institutions and provid[e] for the classification, government, discipline, treatment, care, rehabilitation, and reformation" of those in its custody. 28 C.F.R. § 0.96(o). BOP has indeed promulgated regulations setting forth such a discipline program. *Id.* pt. 541; *id.* § 541.1. These regulations group disciplinary violations into four categories based on severity and identify various sanctions that can be imposed for violations in each category. *Id.* § 541.3 tbl.1. Sanctions include forfeiting or withholding good time or First Step Act credits; disciplinary segregation; monetary restitution; loss of visiting, telephone, commissary, movie, or recreation privileges; housing changes; removal from program or group activity; loss of job; impoundment of personal property; confiscation of contraband; restriction to quarters; extra duty; and, central to this appeal, monetary fines. *Id.*

Jordan is currently serving a 738-month aggregate sentence in the custody of BOP, with a projected release date in 2048. On June 1, 2020, Jordan filed a *pro se* complaint in federal district court, bringing claims under the Administrative Procedure Act ("APA") against BOP and its Director. Those claims challenged BOP's authority to impose any disciplinary sanction not otherwise specified by statute, as well as specifically challenging BOP's imposition of monetary fines as a sanction.

According to his complaint, Jordan had been subject to various BOP disciplinary sanctions while incarcerated. Jordan alleged that in the five years preceding his complaint, he was charged in nine instances with rule violations for which sanctions were imposed. In only three of those instances—according to the complaint, all prior to April 2016—did the sanctions imposed include a monetary fine. The district court found that Jordan did not seek to challenge the disciplinary findings made against him or overturn the sanctions he has served. J.A. 71. Instead, the district court found that Jordan sought declaratory and injunctive relief regarding BOP's authority to impose disciplinary sanctions on him in the future. *Id.* at 71–72. Jordan did not dispute these findings in his appellate briefs.

The district court granted BOP's motion to dismiss Jordan's complaint for failure to state a claim, rejecting his arguments on the merits. The district court also rejected BOP's argument that Jordan lacked standing to challenge the monetary fine sanction—the only standing issue raised and addressed below. The district court concluded that, because the complaint alleged that Jordan had been previously fined as a sanction, he had standing to challenge BOP's ability to sanction a prisoner with a monetary penalty. Jordan timely appealed.

# II

We have an independent obligation to assure ourselves that a plaintiff has constitutional standing and that we otherwise have jurisdiction to resolve a case. *Severino v. Biden*, 71 F.4th

1038, 1042 (D.C. Cir. 2023). "Under Article III of the Constitution, a plaintiff must prove standing to sue 'for each claim' and for 'each form of relief that is sought.'" *Id.* (quoting *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 581 U.S. 433, 439 (2017)).

Recognizing that "where the plaintiff[] seek[s] declaratory and injunctive relief, past injuries alone are insufficient to establish standing," we appointed amicus to address whether Jordan has standing to seek the declaratory and injunctive relief identified in his complaint. Apr. 10, 2023 Order Appointing *Amicus Curiae* (quoting *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011)).

Amicus ably pressed standing arguments based on the broader APA claim reflected in Jordan's complaint, which challenged BOP's authority to impose almost all of its disciplinary sanctions. After oral argument, however, Jordan filed two notices on our docket, styled as a motion and accompanying declaration, unequivocally disavowing that broad claim. He stated that he "seeks to limit his challenge and the merits question in this appeal to BOP's authority to impose the sanction of the monetary fine" and "asks this Court to resolve the merits of this appeal as limited to his assertion that BOP lacks the requisite plain and express statutory authority to impose monetary penalties . . . for violations of disciplinary regulations." May 1, 2024 Mot. 1. He further "requests that this court resolve the standing question" based on the challenge to the monetary fine sanction only, rather than the broader claims discussed in the briefs. *Id.* at 5; *see also* Mar. 28, 2024 Decl. ¶ 1 (confirming same). Indeed, Jordan "concede[s]" that he lacks "standing to categorically challenge the entirety of BOP's disciplinary sanction regime as lacking requisite statutory authorization." May 1, 2024 Mot. 1.

A party waives an argument by "intentional[ly] relinquish[ing] or abandon[ing]" it. *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). "[A] waiver extinguishes an error so that there is no review, because the defendant has knowingly and personally given up the waived right." *In re Sealed Case*, 356 F.3d 313, 317 (D.C. Cir. 2004). Accordingly, we accept Jordan's explicit waiver of any argument that he has standing to challenge BOP's authority to impose disciplinary sanctions other than the monetary fine sanction. To proceed otherwise would be to issue an advisory opinion—one about standing to bring claims (and, if Jordan had standing, the merits of claims) that the plaintiff no longer seeks to bring. *See, e.g.*, *Carney v. Adams*, 592 U.S. 53, 58 (2020) ("We have long understood [Article III] to require that a case embody a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions."). By abandoning his challenge to BOP's authority to impose sanctions other than monetary fines, Jordan makes clear that the only genuine dispute in this case concerns BOP's authority to impose monetary fines as sanctions.

Our analysis of Jordan's standing to seek declaratory and injunctive relief is therefore limited to his claim challenging BOP's authority to impose monetary fines as sanctions. We do not resolve whether Jordan had standing for the other claims. Standing to seek declaratory or injunctive relief requires Jordan to adequately allege either that he "faces an immediate threat of injury" or that he "suffers an ongoing injury." *Dearth*, 641 F.3d at 502. Jordan's allegations establish neither here.

First, Jordan has not shown the requisite threat of future injury. An alleged future injury may satisfy the standing requirements if it is "certainly impending" or if there is a "substantial

3

risk" it will occur.  *Attias v. Carefirst, Inc.*, 865 F.3d 620, 627 (D.C. Cir. 2017); *see also NB ex rel. Peacock v. District of Columbia*, 682 F.3d 77, 85–86 (D.C. Cir. 2012) (explaining that a "realistic danger" of future harm requires "a likelihood of injury that rises above the level of unadorned speculation" (cleaned up)).  While allegations of past injury are not alone sufficient to establish standing to seek declaratory and injunctive relief, they can, under some circumstances, support a sufficient likelihood of future harm.  *See City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) ("Past wrongs were evidence bearing on 'whether there is a real and immediate threat of repeated injury.'" (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974))).  The complaint alleges that before April 2016, Jordan was subjected to monetary fine sanctions on three occasions, but that thereafter BOP did not impose any monetary fines on Jordan in the four years before Jordan filed this suit in June 2020.  These allegations are not sufficient to support the declaratory and injunctive relief that Jordan seeks here:  Three instances occurring more than four years prior to the filing of the complaint are not enough to establish a substantial risk that the same injury will recur.  *Cf. Peacock*, 682 F.3d at 83–86 (concluding that 30–50% rate of coverage denial each month rendered chance of future injury sufficiently likely).

Second, Jordan is not subject to an ongoing injury.  The complaint does not allege any ongoing harm other than the fact that Jordan remains subject to the challenged regime and so could face a monetary fine in the future—a harm that still sounds in future injury.  Amicus points to our holding in *Ramer v. Saxbe*, 522 F.2d 695 (D.C. Cir. 1975), but that case is meaningfully distinguishable.  There, presently and formerly incarcerated plaintiffs sought injunctive and other relief to require BOP to publish notices of rulemaking and final rules setting out the disciplinary rules governing the inmates.  *Id.* at 697 & n.2.  BOP's failure to do so, we held, injured plaintiffs on a continuing basis because they lacked notice of the rules they were supposed to follow, which deprived them of the ability to contest the validity of the rules or regulate their conduct to avoid violating the allegedly unknown rules.  *Id.* at 701–03.  Jordan does not allege that type of uncertainty-based injury here, nor does he identify any other way in which the mere existence of BOP's monetary fine authority harms him except to the extent that it might be applied to him in the future.  *Ramer* thus does not support finding a sufficient ongoing injury here.

\*     \*     \*

For the foregoing reasons, we vacate the judgment of the district court and remand with instructions to dismiss Jordan's complaint for lack of jurisdiction.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc.  *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk

4