19-1818-cr
United States of America v. Derounian

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of January, two thousand twenty-two.

Present:     ROSEMARY S. POOLER,
             DENNY CHIN,
             SUSAN L. CARNEY,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                 *Appellee*,

          v.                                                    19-1818-cr

JOHN DEROUNIAN,

                 *Defendant-Appellant*.

_____

Appearing for Appellant:     David J. Williams, Jarvis, McArthur, & Williams, LLC, Burlington, VT

Appearing for Appellee:      Mark E. Misorek, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), for Mark J. Lesko, Acting United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Azrack, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

John Derounian appeals from the June 13, 2019 amended judgment of the United States District Court for the Eastern District of New York (Azrack, *J.*), sentencing him to 121 months' imprisonment, five years of supervised release, and a fine and restitution after he pled guilty to one count of mail fraud and one count of possession of child pornography, in violation of 18 U.S.C §§ 1341 and 2252(a)(4)(B). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.[1]

Derounian's sole claim is that the government breached its obligations under the plea agreement by requesting a sentence nearly double the estimated Guidelines sentencing range set forth in the plea agreement. "We review interpretations of plea agreements de novo and in accordance with principles of contract law." *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005) (quoting *United States v. Riera*, 298 F.3d 128, 133 (2d Cir. 2002)). "[W]e construe plea agreements strictly against the government and do not hesitate to scrutinize the government's conduct to ensure that it comports with the highest standard of fairness." *United States v. Wilson*, 920 F.3d 155, 162 (2d Cir. 2019) (internal quotation marks omitted) (quoting *Vaval*, 404 F.3d at 152). Moreover, "because plea bargains require defendants to waive fundamental constitutional rights, prosecutors are held to meticulous standards of performance." *Id.* (citation omitted). "To determine whether a plea agreement has been breached, a court must look to what the parties reasonably understood to be the terms of the agreement." *Vaval*, 404 F.3d at 152 (citation omitted).

The government argues that we should review Derounian's claim for plain error because Derounian's counsel failed to clearly object below. "[I]f a defendant objects at a sentencing hearing in a manner 'which fairly alerts the court and opposing counsel to the nature of the claim,' the objection is 'sufficient to preserve [the] argument on appeal,' even if the defendant fails to 'raise a specific rationale for the objection.'" *Wilson*, 920 F.3d at 162 (quoting *United States v. Huggins*, 844 F.3d 118, 121 n.3 (2d Cir. 2016)). Here, Derounian's counsel clearly objected to the government seeking a sentence nearly double the *Pimentel* estimate in the plea agreement. At the sentencing hearing, defense counsel argued that the government's change in the estimate was "disingenuous" and akin to a "bait and switch," and that a change in the *Pimentel* estimate may be a reversible error if it violates the defendant's reasonable expectations. App'x 165-66, 168. Because defense counsel's arguments sufficed to alert the government that defense counsel was objecting to the higher sentence sought, the objection was preserved for appeal, and we review under a harmless error standard. *See Wilson*, 920 F.3d at 162.

We find no error because the plea agreement contained explicitly limiting language and the district court made sure that Derounian understood that the Guidelines range could change such that Derounian could not have a reasonable expectation that the estimated Sentencing Guidelines in his plea agreement would not be raised. Relying on *United States v. Habbas*, Derounian argues that the government's "change of position (without new justifying facts)

---

[1] Appellant filed a motion to file a supplemental appendix, which we denied without prejudice to renew at, or after, oral argument. We consider the motion to file a supplemental appendix to have been renewed at oral argument and grant it now.

changed the defendant's exposure so dramatically" that it raises "doubts whether the defendant could have reasonably be seen to have understood the risks of the agreement." 527 F.3d 266, 271 (2d Cir. 2008).

When we look to whether the government breached its plea agreement, we look "both to the precise terms of the plea agreements and to the parties' behavior. We seek to determine what 'the reasonable understanding and expectations of the defendant [were] as to the sentence for which he had bargained.'" *Wilson*, 920 F.3d at 163 (quoting *Paradiso v. United States*, 689 F.2d 28, 31 (2d Cir. 1982)). Thus, "whether the Government breaches a plea agreement when it later advocates for a higher sentence than that contained in the plea—based on information that the Government knew about at the time the plea was negotiated—is not an unfamiliar issue in this Circuit." *Id.* (citing *United States v. MacPherson*, 590 F.3d 215, 218-19 (2d Cir. 2009).

Derounian's claim here arises from the deviation in the government's position at sentencing from the *Pimentel* estimate set forth in the plea agreement. The draft plea agreement indicated that his Guideline sentencing range for the offenses of conviction would be either 57 to 71 months or 51 to 63 months, if an additional one level reduction in offense level was warranted for acceptance of responsibility. App'x at 31. "[B]ecause a *Pimentel* estimate is no more than that, an estimate—the Government does not violate a defendant's reasonable expectations simply because it deviates from the estimate. A defendant's reasonable expectations may be breached, however, where the Government's deviation 'produce[s] serious unfairness' for the defendant." *Wilson*, 920 F.3d at 163 (quoting *Habbas*, 527 F.3d at 271)). This happens when the "Government acts in bad faith (either in its initial calculation of the *Pimentel* estimate or in its later change of position) or if the [G]overnment's change of position (without new justifying facts) changed the defendant's exposure so dramatically as to raise doubts whether the defendant could reasonably be seen to have understood the risks of the agreement." *Id.* (alteration in original) (quoting *Habbas*, 527 F.3d at 271).

Here, the plea agreement contained the following limiting language:

> The Guidelines estimate set forth [above] is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

App'x 31-32. Derounian relies on *Wilson*, which involved a plea agreement containing the same limiting language. The agreement in *Wilson*, however, also contained language not present in the agreement in this case. *Wilson* vacated the judgment because the plea agreement there also contained language promising the government would, "based upon information now known to the Office," "make no motion for an upward departure," and it would change its position only if new information "bec[ame] known to the [Government] after the date of th[e plea] agreement." 920 F.3d at 165. The *Wilson* plea agreement also lacked any language like that in *Habbas* explicitly "reserv[ing] the right" of the Government "to argue for a sentence beyond that called for by the Guidelines." *Id.* at 164 (discussing *Habbas*, 527 F.3d at 270). Additionally, the

3

*Wilson* court found the defendant could not have reasonably expected the government's change in position because it increased his sentence dramatically based on information it knew at the time of the plea agreement. Derounian argues that *Wilson* turns on the absence of any provision that authorized the government to argue for a more punitive sentence. His reliance is misplaced: *Wilson* focuses on language that explicitly prohibited the government from seeking a higher sentence. 920 F.3d at 159. In any event, because we "focus on the defendant's reasonable expectations—rather than technical distinctions in semantics surrounding the *Pimentel* estimate—our analysis can produce divergent outcomes in cases that, at first glance, may seem similar." *Id.* at 163 (internal quotation marks and citation omitted).

Here, not only does the plea agreement's plain language undercut Derounian's argument that he had a reasonable expectation that he would only be sentenced to a maximum of 71 months, but the district court made sure that Derounian understood that the government and the court were not bound by the *Pimentel* estimate contained in the plea agreement. During the change of plea hearing, the district court explicitly advised Derounian that the estimated Guidelines computation in the plea agreement was not a guarantee of a specific sentence and that the estimates were not a guarantee that bound the government or court. Derounian's counsel also pointed out that there were lingering questions about some of the details of the plea agreement, that it was highly likely that Derounian's criminal history category was higher than the Category II indicated in the plea agreement, and that he had discussed that possibility with Derounian. Derounian repeatedly stated he understood each of these points. Given all of this, Derounian's argument that the government breached the terms of the plea agreement fails.

We have considered the remainder of Derounian's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk